D. C. WILLIAMSON v. THE KANSAS & TEXAS COAL COMPANY.

### No. 175.

1. PROCEEDINGS IN ERROR—*final judgment on demurrer necessary to.* Proceedings in error may be taken from a ruling of the trial court sustaining a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action, notwithstanding the fact that the record fails to show that a final judgment for costs was entered.

2. EXEMPTION — RES ADJUDICATA — *resident of Kansas temporarily in Arkansas cannot claim property seized in Arkansas to be exempt except in action in which it is seized.* A petition in an action for damages for the unlawful taking by attach-

ment of certain chattels of plaintiff, alleged that plaintiff was a resident of the State of Kansas, and defendant a corporation organized under the laws of the State of Missouri; that the property was taken in an action brought in the State of Arkansas, where plaintiff was temporarily staying, for a debt contracted wholly in Kansas, where the defendant was conducting a mercantile business; that said property was exempt in Kansas, but not exempt where seized; that plaintiff notified defendant at the time of the levy, and also the sheriff who made the levy, that he claimed the property as his exempt property; and that he did not interpose any defense whatever in the attachment action, allowing it to proceed to a judgment, and the attached property to be sold without any further protest or effort on his part. *Held*, that a demurrer to the petition was properly sustained.

Error from Crawford District Court. Hon. J. S. West, Judge. Opinion filed September 20, 1897. *Affirmed*.

Plaintiff's petition alleges that the defendant in error had sued the plaintiff in error in the Circuit Court of Benton County, Arkansas, obtained a personal service of summons, and attached certain personal property of plaintiff. The case proceeded to final judgment, and the attached property was sold by order of the court and the proceeds applied toward the payment of the judgment. The property attached was not exempt from attachment in Arkansas, but would have been exempt in Kansas. Plaintiff was a citizen of Kansas and defendant a corporation organized under the laws of Missouri. The property attached was worth about three hundred dollars, and this suit was brought to recover that sum as damages for the alleged wrongful taking and disposition of the property in the aforesaid action. The defendant was conducting a general mercantile business in the city of Pittsburg, Kan., and plaintiff was indebted to said Company in the sum of eleven hundred dollars, which indebtedness was contracted and payable in the State

of Kansas. While the plaintiff was temporarily in the State of Arkansas, he was sued by the Company and the property attached in that suit was the only property which he had that had not already been attached by the Company in the State of Kansas in an action brought by it against plaintiff in error and another, as partners. At the time of the levy, plaintiff notified the sheriff of Benton County, Arkansas, and the defendant, that he claimed the property as exempt, and demanded the possession thereof and that the same should not be levied upon; but his requests and claims were disobeyed and denied, and the property was taken by the sheriff and subsequently sold under an order of the court, and the proceeds applied to the payment of the judgment which was obtained in said action by defendant against plaintiff. The petition admitted that plaintiff in error had made no defense to the action, and filed no motion to discharge the attachment. To this petition defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained this demurrer, plaintiff excepting. The record does not show that the court entered final judgment.

*T. W. Cogswell*, for plaintiff in error.
*Morris Cliggitt*, for defendant in error.

MILTON, J. It is contended by counsel for defendant that the proceedings in error should be dismissed for the reason that no judgment was entered in the case. We think that proceedings in error may be taken from the ruling of the trial court sustaining a demurrer to the petition on the ground stated, notwithstanding the fact that the record fails to show that a final judgment for costs was entered in the case.

An examination of the petition convinces us that it fails to show any right of recovery against the defendant, and any lack of right on the part of defendant to institute and maintain the attachment proceedings in the State of Arkansas. It is distinctly alleged that "the defendant is a corporation organized and existing under and by virtue of the laws of the State of Missouri." While it also states that the defendant was doing business at Pittsburg, Kan., nothing is stated from which a court can find it was a resident of the State of Kansas at any time, or at the times named in the petition. Plaintiff's counsel contends as follows :

"When a foreign corporation voluntarily comes within the jurisdiction of, and carries on business in, a state other than that which chartered it, such corporation will be held liable to a resident within such state for any tort committed against such citizen of the state where it does business by comity, and will be subject to the same laws and regulations as any other citizen of the state."

This statement may be correct, but it is not applicable to the facts alleged in the petition in this case. It is difficult to see how it can be a tort for a resident of Missouri to sue a citizen of Kansas in the State of Arkansas, for a debt admitted to be owing and due, and in such action to take property which is exempt in Kansas but not exempt in Arkansas, by attachment, to satisfy the judgment obtained in such action. There being no tort, no liability would ensue. Besides, it is evident that, if the proposition now pressed by plaintiff is correct, it ought to have been presented to the court in Arkansas as a defense in that action ; and plaintiff ought to be bound by the adjudication made by that court if he has negligently failed to present to it the defense which, as we must infer, from

his own argument he now claims would have been good and complete. The petition shows that the plaintiff gave the court no intimation that he claimed the property seized was exempt. That was the time and place for such action on his part. He choose to omit it. See, generally, 1 Van Fleet's Former Adjudication, § 159; 1 High on Injunctions (2d ed.), § 114; *Green v. Van Buskirk*, 5 Wall. 307; *Green v. Van Buskirk*, 7 id. 139; *B. & M. R. Rld. Co. v. Thompson*, 31 Kan. 180.

Cases cited by counsel for plaintiff all relate to action between residents and citizens of the same state. But in this case we find from the petition that defendant was a citizen of Missouri at the time it sued plaintiff. See Cook on Stock and Stockholders (2d ed.), § 757; 6 Thompson's Commentaries on the Law of Corporations, §§ 7875, 7881, and 7882, as to residence of corporations.

We approve and affirm the order of the trial court sustaining the demurrer to plaintiff's petition.