## A. B. McDavid v. W. A. Ellis.

1. PRACTICE—*Waiving a Demurrer.*—By pleading to a declaration to which a demurrer has been interposed, the party demurring waives his demurrer and can not require a decision of the Appellate Court upon the ruling of the trial court in regard to questions raised by such demurrer.

2. NEW TRIALS—*Cumulative Evidence.*—Evidence which is merely

McDavid v. Ellis.

cumulative is not sufficient for the purpose of granting a new trial upon the ground of newly discovered evidence.

Assumpsit.—Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900. Rehearing denied.

MEEKER & MEEKER, attorneys for appellant.

E. J. MILLER, attorney for appellee.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellee sued appellant in an action of assumpsit to recover for three separate balances claimed to be due to him upon sales of broom corn in which both parties were interested. A trial by jury resulted in a verdict and judgment against appellant for $165, from which he has appealed to this court, and to effect a reversal of such judgment insists the court misdirected the jury, refused proper instructions, and that the verdict is against the evidence in the case, and the court erred in overruling the motion for a new trial and in overruling the demurrer to certain counts of the declaration.

By pleading to the counts to which the demurrer was interposed, as appellant did, he thereby waived his demurrer, and can not, by the well settled practice, require a decision of this court upon the ruling of the trial court in regard to such demurrer. There were pleas of a former suit pending and of a former recovery respecting the same matters involved in this suit. The first was in abatement, and was waived by pleas to the merits. There was no evidence introduced of any record of a former suit, nor of a former recovery, and hence such alleged defense availed nothing, and all instructions refused upon that point, of which complaint is made, were properly refused as having no evidence upon which to stand, and otherwise we find no error in the action of the court in giving or refusing instructions.

The evidence was conflicting upon the material issues of the case, and we are disposed, in the condition in which we find the record, to accept the verdict of the jury, together with the approval thereof by the trial court, who saw and heard the witnesses as decisive of the issues that were tried. Concerning the plea of set-off, appellant claimed and testified that the notes involved in that plea were to have been surrendered to him and discharged, and the jury found with him upon that question, and we are indisposed to disturb such finding, believing as we do from all the evidence in the case, the jury were fully justified in such verdict. The court did not err in failing of its own motion to instruct the jury as to the form of their verdict upon the plea of set-off. If appellant desired an instruction upon the point that the jury might return a verdict in his favor for damages under such plea, he should have requested it, and having failed to do so is in no position to complain.

Finally it is insisted by appellant that the motion for a new trial should have prevailed because of surprise in the testimony of appellee that he had been offered $57.50 per ton for broom corn, crop of 1895, by Stearns, and that upon another trial Stearns would deny that statement. We think such evidence would be cumulative merely, and by no means of that conclusive nature requiring the court to grant a new trial by reason thereof.

Finding no reversible error the judgment of the Circuit Court will be affirmed.