## WHITE v. JOHNSON.

No. 13626—Opinion Filed Sept. 30, 1924.

**1. Appeal and Error—Review—Motion to Strike Pleading—Waiver of Ruling.**

Where a party files in a case a motion to strike a pleading from the files, and thereafter files pleadings putting the case at issue, and goes to trial without calling the motion to strike to the attention of the trial court and having a ruling thereon, an assignment of error in the motion for a new trial that the court erred in not sustaining the motion to strike, comes too late, and presents nothing for review.

**2. Appeal and Error—Sufficiency of Evidence—Verdict.**

Where there is any competent evidence adduced at the trial reasonably tending to support the verdict of a jury, the verdict and judgment entered thereon will not be set aside because of alleged insufficiency of the evidence.

**3. Same—Assignment that Verdict is Contrary to Law—Instructions—Objections.**

An assignment of error that the verdict and judgment are contrary to the law of the case presents nothing for review where no exceptions were reserved to the instructions. given, or no instructions were requested and refused by the court, or it is not urged that the jury disregarded the instructions or some portion thereof. "Ordinarily a verdict is contrary to the law when it is returned in disregard of the court's instructions." Norman v. Lambert, 64 Okla. 238, 167 Pac. 213.

**4. New Trial—Newly Discovered Evidence —Lack of Diligence.**

"A motion for a new trial on the ground of newly discovered evidence is properly overruled where no facts constituting diligence to have discovered such evidence in time for trial are shown." Ford et al. v. Perry, 66 Okla. 150, 168 Pac. 221.

**5. Judgment Sustained.**

Record examined: and held, that the record reasonably supports the verdict and judgment; and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from County Court, Oklahoma County; W. R. Taylor, Judge.

Action by Dora Lee Johnson against J. C. White. Judgment for plaintiff, and defendant appeals. Affirmed.

Chastain, Harris & Young, for plaintiff in error.

S. A. Byers and Selby & Callihan, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was defendant in the trial court, and the defendant in error was plaintiff. The parties will be referred to herein as plaintiff and defendant, as they appeared in the court below.

The plaintiff filed her petition in the county court of Oklahoma county on the 6th of January, 1921. She alleges therein that on about the 20th of January, 1920, she sold a certain lot of household furniture to the defendant, and as part payment defendant executed to her two promissory notes for the sum of $250 each, bearing interest at eight per cent. per annum from date, and both payable on the 20th of March, 1920, and both providing for ten per cent. attorney fees, and that she had demanded payment which was refused. For a second cause of action she alleges that defendant is indebted to her in the sum of $55 collected by him for plaintiff, which sum he had failed to pay to plaintiff. She prays for judgment for $500 on the notes, with eight per cent. interest and ten per cent. attorney fees, and for the sum of $55 for money had and received.

The defendant filed a motion to require plaintiff to make her petition more definite and certain by attaching copies of the notes, and to state what rents and from whom collected, which she claims in her second cause of action. This motion seems to have been sustained on the 11th of March, 1921, and plaintiff given 20 days to amend, and defendant given five days thereafter in which to plead. On the 5th day of May, 1921, the plaintiff filed an amendment to the original petition alleging that the notes had been lost, and for that reason she is unable to attach copies. On May 10, defendant filed a motion to strike the amendment to the petition for the reason that the order of the court had not been complied with by amending the petition within 20 days. The cause seems to have been passed pending a hearing upon the motion to strike, until January 16, 1923, when defendant filed answer, in effect a general denial and plea of payment. The cause was called for trial on the 16th of January, 1922, both plaintiff

and defendant announcing ready for trial. The cause was tried to a jury, resulting in a verdict and judgment for plaintiff. The defendant prosecutes appeal, and argues his assignments of error under the following subheads: (1) The court erred in not sustaining defendant's motion to strike plaintiff's amended petition; (2) the evidence is not sufficient to support the verdict in favor of the plaintiff and against the defendant; (3) the verdict and judgment are contrary to the law governing the case; and (4) the court erred in refusing a new trial upon the ground of newly discovered evidence.

The defendant argues that the case was not at issue on the date it was called for trial for the reason that the motion to strike the amended petition of plaintiff was pending at the time. The record shows that the motion to strike was pending, that is, that it had been filed and had not been passed upon. There seems to have been no ruling had upon the motion. There is nothing here to show that the motion to strike was ever called to the court's attention until the hearing upon the motion for a new trial. It seems certain that if the motion had been called to the attention of the trial judge he would have passed upon it one way or the other. In the absence of an adverse ruling with proper exceptions reserved nothing is presented for review. The assignment in the motion for a new trial that the court erred in failing to sustain the motion to strike comes too late to save the point attempted to be made. The record affirmatively shows that although the defendant's motion to strike was on file and not passed upon, the defendant filed answer, and announced ready for trial. It seems that the cause had been assigned for trial as if the issues had been joined. In the absence of some sort of objection to going to trial, so as to bring the matter to the attention of the trial judge, that the case was not at issue, or that there was a motion pending, or that defendant was not ready to try, it would seem that the defendant waived the irregularity of the assignment, and abandoned the motion to strike the amended petition. The assignment of error that the court erred in not sustaining the motion to strike comes too late, and presents nothing for review.

Defendant contends that the evidence is not sufficient to support the verdict for plaintiff. The rule is that where there is any competent evidence introduced, reasonably tending to establish the cause of action alleged in the petition, and which reasonably tends to support the verdict of the jury, the judg-

ment will not be set aside because of the insufficiency of the evidence. In this case the plaintiff sued upon two promissory notes aggregating the sum of $500, and for money had and received in the sum of $55. The execution of the notes was admitted by the defendant, and a plea of payment interposed. The defendant's evidence tended to prove that he had paid plaintiff all that was owing to her, and not in any manner indebted to her. The plaintiff's evidence was in sharp conflict with that of the defendant. She testified that the notes had not been paid, and that defendant had collected rents belonging to her amounting to $55, and that defendant had not paid the amount over to her. The jury returned a verdict for the plaintiff for the sum of the notes, and the $55 for rents, in accord with the evidence of the plaintiff. We have examined the record and have concluded that the plaintiff's evidence amply supports the findings made by the jury. This court is not at liberty to disregard the findings of the jury upon a question of fact, when there is evidence supporting the conclusions reached by the jury as shown by the verdict returned.

The defendant asserts that the verdict and judgment are contrary to the law. The issues made by the pleading in this case presented questions of fact for a jury. Upon the announcement of rest by both the contending parties it became the duty of the trial judge to instruct the jury as to the law applicable to the case made out by the contending parties. The conflicting theories of the opposing parties must be submitted to the jury by appropriate instructions as to the law, where there is evidence to support the theory advanced. We have examined the instructions given to the jury by the trial judge. No exception was reserved by the defendant to any instruction given, and no instruction was requested by the defendant and refused by the court. It is not contended here that the jury disregarded the instruction or any instruction given. The claim is made that because of the insufficiency of the evidence, "the verdict and judgment is contrary to the law governing the case." This court dealt with a similar claim of error in Norman v. Lambert, supra. The court said:

"A motion for new trial upon the ground 'that the verdict is contrary to law' because of the insufficiency of the evidence, (considered for the purpose of the case as sufficient to raise the question) adds nothing to the further ground urged in connection therewith that the verdict is not sustained by sufficient evidence.

"Ordinarily a verdict is contrary to law

when it is returned in disobedience or disregard of the court's instructions."

The instructions given to the jury fairly submitted the issues made by the pleadings and the conflicting evidence of the parties, and in the absence of exceptions reserved, or additional instructions requested by defendant, must be deemed sufficient. The contention made that the verdict and judgment are contrary to the law is not supported by the record, and cannot be maintained.

The defendant contends that he should have been granted a new trial because of newly discovered evidence. The newly discovered evidence presented in the motion for a new trial is a check dated February 3, 1920, drawn by the defendant, payable to himself, for $560, against his account in the Wilkin-Hale State Bank. His contention is that this check would be strongly corroborative evidence that he had paid the plaintiff the amount of the notes and the plaintiff's rents collected by him, that he procured the cash to make the payment by drawing this check, and carried $555 of the money to the plaintiff and paid it over to her. The petition was filed January 6, 1921, but the case was not called for trial until the 16th of January, 1922, at which time the defendant filed his answer pleading payment, and announced ready for trial. At the trial he testified about the check, that he presented it to the bank, got the currency, and paid plaintiff the same day, that the payment was made prior to the 1st of February, 1920, that plaintiff signed the bill of sale for the property he had bought from her at the time he made the payment. The bill of sale was introduced in evidence, and shows to have been executed on the 17th of January, 1920. The check bears date of February 3, 1920, and defendant thought he had the check at home. He does not seem to have looked for it at the time of or prior to the trial. Just how it can be contended that this check amounted to newly discovered evidence we are unable to understand. The check was drawn by defendant on February 3, 1920, and the suit had been pending for more than a year at the time it was called for trial, and defendant had this canceled check at home or at least he guessed he had it there, and it turned out that he did, and found it in time to present it as newly discovered evidence in his motion for a new trial. It does not appear from the defendant's evidence upon the trial that he had ever hunted for the check, and he testified that he had not looked for it in advance of the trial. The case was tried on the 16th of January, 1922, at which time defendant testified he had not

looked for the check, and his motion for a new trial because of newly discovered evidence was filed on the 19th of January, 1922. Diligence in trying to find the check to be used at the trial is stated in the defendant's affidavit, but such statement is negatived by his own testimony taken upon the trial of the case. If the defendant exercised diligence in trying to locate the missing check it must have been for the purpose of presenting it as newly discovered evidence.

In Ford et al. v. Perry, 66 Okla. 150, 168 Pac. 221, this court held that:

"A motion for a new trial on the ground of newly discovered evidence is properly overruled where no facts constituting diligence to have discovered such evidence in time for trial are shown."

This check could not be very strongly corroborative of defendant's statement that he had paid plaintiff. He testified that he had paid plaintiff at the time the bill of sale was delivered, and that was sometime before the 1st of February, 1920, and was presumably about the 17th of January, 1920. That is the date of the bill of sale, and no showing is made that it was signed in advance of the date of delivery. The bill of sale itself recites a sale in consideration of $500, evidenced by two promissory notes of even date with the bill of sale. The court did not err in refusing to set aside the verdict because of the alleged newly discovered evidence.

There is no reversible error appearing in the record. We recommend that the judgment be affirmed.

By the Court: It is so ordered.