## VAN ZANT et al. v. REED et al.

No. 12878—Opinion Filed March 17, 1925.

1. **Appeal and Error—Record Proper—Motions.**

Motions presented to the trial court, the rulings thereon, and the exceptions thereto are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating same in a bill of exceptions or case-made.

2 **Same—Transcript of Record — Review of Refusal of New Trial.**

A motion for new trial and the action of the court in overruling the same, being no part of the record proper, the assignment that the court erred in overruling the motion cannot be presented to this court by transcript of the record.

3. **Appeal and Error—Mode and Time of Appeal—Order Overruling Demurrer.**

A defendant who seeks to have an order of the court overruling demurrer to petition

reviewed in this court may elect to stand on the demurrer, in which event he may bring the case on appeal to this court at once, or he may elect to plead further, in which event no appeal can be taken from the order overruling the demurrer until the case is tried, and then the action of the trial court in overruling the demurrer may be presented to this court by appeal.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pottawatomie County; Edward Dewes Oldfield, Assigned Judge.

Action by W. B. Reed against Sarah F. Van Zant, individually and as administratrix of the estate of R. E. L. Van Zant, and Shawnee National Bank. From the judgment, Sarah F. Van Zant, individually and as administratrix, appeals. Affirmed.

Goode & Dierker, for plaintiffs in error.

Abernathy & Howell, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Pottawatomie county, Okla., by W. B. Reed, as plaintiff, and one of the appellees herein, against Sarah F. Van Zant, as administratrix of the estate of R. E. L. Van Zant, deceased, Sarah F. Van Zant, individually, and Shawnee National Bank, as defendants, in the trial court. The plaintiff sought to recover upon a note and interest coupons thereon, and to foreclose a mortgage securing said note and coupons upon lands owned by R. E. L. Van Zant during his lifetime. The plaintiff alleged in part:

"That said H. T. Douglas, for value, before the maturity of said note, did indorse same in writing, and delivered same to Walter Barker, and did by writing, duly executed and delivered, assign said mortgage securing the same note to said Walter Barker; that thereafter and before maturity of said note the said Walter Barker died and Mary S. Barker was duly and legally appointed administratrix of his estate, and qualified as required by law; that the said Mary S. Barker, administratrix, did thereafter and before the maturity, for value, indorse and deliver, said note to the plaintiff herein, and did by writing, duly executed and delivered, assign to this plaintiff the mortgage securing said note. That a true and correct copy of said assignment assigning said mortgage is hereto attached, marked exhibit 'D' and made a part hereof. That plaintiff is now the owner and holder of said note and mortgage securing same"

—and attached to his petition and made a part thereof the indorsement on the note and coupons and the assignment of the mortgage as follows:

"For value received I hereby assign and transfer the within note, together with all my interest therein and all my rights under the mortgage securing the same, to W. B. Reed.

"Mary A. Barker,
"Executrix of the Estate of
Walter Barker, deceased."

And the assignment of mortgage is as follows:

"Know all men by these presents, That I, Mary A. Barker, executrix of the estate of Walter Barker, deceased, of Peoria county, state of Illinois, in consideration of the sum of $1 to me in hand paid, the receipt of which is hereby acknowledged, do hereby sell and assign and set over and convey unto W. B. Reed, his heirs and assigns, a certain mortgage dated April 8, 1913, signed by R. E. L. VanZant and wife, Sarah F. VanZant, mortgagors, and recorded in the county of Pottawatomie, state of Oklahoma, in Book 46 of Mortgages, at page 59, and by assignment of mortgage, recorded in Book 26 of Mortgage Record, at page 476, in Pottawatomie county, state of Oklahoma, by H. T. Douglas, assigned to Walter Barker, together with real estate conveyed and the promissory note, debts and claims secured and covenants therein contained.

"To have and to hold the same forever, subject, nevertheless, to the conditions therein contained.

"In Witness Whereof, I thereunder set my hand this 1st day of April, 1915.

"Mary A Barker,
"Executrix of the Estate of Walter Barker, Deceased."

And the coupon bears the folowing indorsement:

"Pay to the order of _____
without recourse. Estate of Walter Barker.

"By W. B. Reed, Agent."

The record also shows indorsement and assignment of the mortgage by H. T. Douglas, the original owner thereof, to Walter Barker.

To plaintiff's petition the defendant Sarah F. VanZant interposed a demurrer as follows:

"That said petition does not state facts sufficient to constitute a cause of action against defendants or either of them."

And, also:

"That there is a misjoinder of causes of action."

The demurrer was overruled by the court and thereafter the defendant Sarah F. VanZant filed her answer, and amended and supplemental answer, in which she specifically denied that the plaintiff is the owner

and holder of the notes and mortgages sued on, and specifically denies that the administratrix of the Walter Barker estate ever lawfuly assigned said notes and mortgages to the plaintiff, and denies that the notes and mortgage in question were executed for a valuable consideration, and pleads payment.

The defendant Shawnee National Bank files its answer, wherein it denies generally the allegations of plaintiff's petition except such as are specifically admitted, and admits that the claim of the plaintiff, Reed, is superior to any claim or notes held by said bank, and disclaims any interest in the matter here in controversy. On the issues thus joined the case was tried and judgment rendered in favor of the plaintiff for the amount sued for, together with foreclosure of the mortgage, against the Shawnee National Bank and Sarah F. Van Zant, administratrix, and Sarah F. Van Zant, individually.

The appellant did not take the necessary steps to appeal from the judgment of the court on case-made and the matter is now before the court on a transcript of the record, and the only questions presented in this appeal are those raised by the pleadings and the rulings thereon, and the judgment rendered as between W. B. Reed, plaintiff below, appellee here, and the appellant, Sarah F. VanZant, administratrix, and Sarah F. VanZant, individually; the defendant, Shawnee National Bank, not being aggrieved by the judgment, appears in this court as appellee. Appellant sets forth numerous assignments of error, but abandons all questions save the one raised by reason of the demurrer, based on the grounds that:

"The said petition does not state facts sufficient to constitute a cause of action against defendants or either of them."

The appeal being prosecuted on a transcript of the record, this cannot be considered for the reason that this case is before the court upon a transcript of the record, and not upon case-made. The appellant cannot avail herself of the error of the court in overruling the demurrer; she should have elected to stand on the demurrer and perfected her appeal within six months from the date on which the demurrer was overruled, or should have excepted to the order of the court overruling the demurrer and assigned it as error in her motion for a new trial, and then appealed to this court on case-made or proper bill of exceptions.

Appellee cites the case of Folsom et al. v. Billy, 78 Okla. 146, 189 Pac. 188, the first paragraph of the syllabus of which reads as follows:

"Motions presented to the trial court, the rulings thereon, and the exceptions thereto are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating same in a bill of exceptions or case-made."

And the second paragraph of the syllabus is as follows:

"A motion for new trial and the action of the court in overruling the same, being no part of the record proper, the assignment that the court erred in overruling the motion cannot be presented to this court by transcript of the record."

This is the established rule of this court, and is a correct conclusion of law, for it is clear that in order for the appellate court to determine the correctness of the action of the trial court in passing upon a motion for new trial, it must necessarily have before it the entire record, including the evidence offered in the trial of the case. In the case of Exchange Oil Company et al. v. Crews, and Garfield Oil Co. v. Same, 90 Okla. 245, 216 Pac. 674, in the first paragraph of the syllabus it is held:

"A defendant who seeks to have an order of the court overruling demurrer to petition reviewed in this court may elect to stand on the demurrer, in which event he may bring the case on appeal to this court at once, or he may elect to plead further, in which event no appeal can be taken from the order overruling the demurrer until the case is tried, and then the action of the trial court in overruling the demurrer may be presented to this court by appeal."

The record in this case as presented to this court shows that the demurrer in question was filed on August 22, 1918, and was overruled by the court on the 4th day of November, 1918. The petition in error and the transcript was filed in this court on December 2, 1921, more than three years after the court overruled the demurrer.

The only method by which plaintiff in error could present the question was by assigning the overruling of the demurrer as a ground for a new trial, which was done in this case, but since appellant presents the case to this court upon a transcript of the record, and not by case-made, the motion for a new trial is not properly a part of the record, and cannot be brought to the attention of this court by a transcript, consequently this court cannot consider the question, and same must be treated as having been waived by the appellant.

Counsel for appellant calls attention to other authorities and questions which they deem important, but we think the question

heretofore discussed, and the authorities cited, are decisive of the only question raised in this case, and in view of same, and the status of the case as presented upon transcript of the record, we are of the opinion that the case should be affirmed, and so recommend.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 83, §1674; p. 124, §1730. (2) 4 C. J. p. 161, § 1769. (3) 4 C. J. p. 681, §2582. (4) 3 C. J. p. 484, §312.