## SUGG et al. v. ATKINSON, WARREN & HENLEY CO.

No. 16392—Opinion Filed April 13, 1926.

1. **Contracts—Action to Enforce—Agent Effecting Contract not Proper Party Defendant.**

The fact that a contract is effected through an agent, who receives a commission for his services, does not make the agent a necessary or proper party plaintiff in a suit by the principal to enforce the contract or for damages for its breach.

2. **Brokers—Right to Commission for Procuring a Lender Though Money not Taken.**

Where a broker employed to negotiate a loan procures a lender who is ready, willing, and able to lend the money upon the terms proposed, he is entitled to his commission although the principal fails to take the money.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Grady County; Will Linn, Judge.

Action by Atkinson, Warren & Henley Company against J. D. Sugg and E. B. Johnson. Judgment for plaintiff, and defendants appeal. Affirmed.

Bailey & Hammerly and J. B. Dudley, for plaintiffs in error.

Bond, Melton & Melton, for defendant in error.

Opinion by RAY, C. The Atkinson, Warren & Henley Company, a corporation, brought this suit against J. D. Sugg and E. B. Johnson to recover an agreed compensation for its services in negotiating a loan for them. The loan agreed to be secured was $20,600, and the commission agreed to be paid for securing the loan was $1,100. It was alleged that plaintiff secured the loan in accordance with the terms and conditions of the agreement between the parties, but that defendants refused to accept it. From a judgment in the sum of $1,100 in favor of plaintiff the defendants bring error.

The different assignments of error are presented in the brief o. plaintiffs in error under two propositions:

"(1) Since M. S. Cralle was to receive 40 per cent. of the commission sought to be recovered, he was a necessary party plaintiff, and, not being joined as such, the action was not prosecuted in the name of all the parties in interest, and plaintiff was not entitled to recover under any consideration more than 60 per cent. of the amount sued for.

"(2) The plaintiff cannot recover the stipulated sum of $1,100 for breach of contract of the defendants in failing to consummate the loan."

The plaintiff, a corporation, with its principal place of business in Oklahoma City, was engaged in the farm loan business with M. S. Cralle, of Chickasha, as its local agent at that place. The agreement between the parties, that the plaintiff, for securing the loan for the defendants, should receive a commission, was brought about through the plaintiff's local agent. M. S. Cralle. Cralle, the local agent, on cross-examination, testified:

"Q. Mr. Cralle, the Atkinson, Warren & Henley Company is a corporation, is it not? A. Yes, sir, I think they are. Q. Are you an officer of that company? A. No, sir. Q. What interest did you have in that $1,100 commission? A. I was getting it as their agent. Q. Then they have no interest in this suit, and if judgment is obtained, all this money goes to you, does it? A. No, sir. Q. What part of it does? A. The regular commission I get on the loan, I suppose. Q. What part is that? A. Forty per cent. Q. Forty per cent. of what might be

recovered here, if recovery is had, goes to you? A. Yes, sir, I suppose so. Q. Your agreement with the Atkinson, Warren & Henley Company is the loan that has to go through before you get the commission? A. Yes, sir. Q. Then you really get 40 per cent. of this commission? A. Yes, sir."

And on redirect examination testified:

"Q. You say you were representing the Atkinson, Warren, Henley Company? A. Yes, sir. * * * Q. About your interest in this commission, then Atkinson, Warren, Henley Company pays you a part of the commission on the loans when collected? A. Yes, sir; when the loan is made and collected."

On this evidence it is contended by the defendants that Cralle, the local agent, was a party in interest, and therefore a necessary party plaintiff. We think this evidence merely shows that Cralle was employed by the plaintiff on a commission, as its agent, to negotiate loans and to receive his commission when collected by his principal. No contractual relations between him, Cralle, and the defendants were shown. He could have no cause of action against the defendants for commission. His contract for the commission, under his general employment, was with the plaintiffs, and not with the defendants.

No authorities are cited which sustain the contention, and, we think, none exists. The case cited, Stinchcomb v. Patteson, 66 Okla. 80, 167 Pac. 619; Maxia v. Oklahoma Portland Cement Co., 74 Okla. 31, 176 Pac. 907; American Investment Co. v. Baker, 104 Okla. 95, 230 Pac. 724, are not in point.

In the Stinchcomb Case the suit was brought by G. E. Patteson, doing business as G. E. Patteson & Company. During the trial of the case Patteson testified that G. E. Patteson & Company was a firm composed of G. E. Patteson and John R. Pepper. It was properly held that the suit had not been brought in the name of the real parties in interest. In the Maxia Case, minors, by their next friend, sued the cement company for the death of Francisco Maxia, alleged to be their father. The answer denied that the plaintiffs were the children of the deceased, Maxia. It was held that where the question as to whether a party, in whose name the action is prosecuted, is the real party in interest, is properly raised by answer, it is not error to admit competent evidence to establish such allegation. In the Baker Case the suit was by Baker to recover a commission for securing a loan for the defendant. In the course of trial Baker testified that he had agreed with the borrower,

who was his partner in business, that he should have one-half of the commission, and that at the time of trial the borrower owned title to one-half the commission sued for. The defendant contended that its evidence proved an assignment of a one-half interest of the commission, and submitted an instruction which the court refused to give, that the plaintiff, Baker, could not recover to exceed one-half of the sum sued for. The refusal to give the requested instruction was held error, and the case was reversed.

Okmulgee Coal Company v. Hinton, 95 Okla. 92, 218 Pac. 319. is an analogous case. In that case the Okmulgee Coal Company agreed for the period of one year to sell and deliver to Hinton four cars per day of coal at $2 per ton. The Leonard Company had a contract with Hinton to sell for him all the coal mentioned in the contract, and had agreed to pay to the coal company for all amounts due it shipped to the Leonard Company. The suit was brought by Hinton for breach of the contract to deliver coal in the quantity and in the time prescribed in the contract. The Leonard Company claimed an interest in the contract with Hinton, and the coal company, by reason of his contract with Hinton and his guarantee to the coal company to pay for coal shipped to it. Hinton and the Leonard Company recovered a joint judgment of $15,500. It was held in an opinion by Justice Kane that there was no such privity between the Leonard Company and the Okmulgee Company as would entitle the Leonard Company to participate in the case as a party plaintiff.

The fact that a contract is effected through an agent, who receives a commission for his services, does not make the agent a necessary or proper party plaintiff in a suit by the principal to enforce the contract or for damages for its breach.

Under the second proposition, that plaintiff cannot recover the stipulated commission for breach of the contract of the defendants in failing to consummate the loan, counsel say that there is a strain of equity running through the case, and that the same rule should not be applied as was done in the case of Deming Investment Co. v. Britton, 72 Okla. 145, 179 Pac. 468, where the brokers simply refused to consummate the loan. No authority is cited in support of this argument. In Deming v. Britton, supra, it is held:

"Where a broker employed to negotiate a loan procures a lender who is ready, willing, and able to lend the money upon the terms proposed, he is entitled to his commission

although the principal declines to take the money."

In the above opinion it is said:

"* * * It seems to the writer of this opinion that the measure of damages under the facts of this case is the compensation agreed to be paid for the services rendered. There might be other cases where evidence would be required to show the amount of damages to which plaintiff was entitled; but, when the compensation is fixed by the agreement and the services are performed by the broker according to his agreement, and the loan falls simply because the prospective borrower declines to complete the contract, no further evidence should be required."

We think neither proposition urged for reversal can be sustained. No other question being presented for decision, the judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 901 § 604. (2) 9 C. J. p. 598 § 87; p. 625 § 102; 4 R. C. L. p. 308; 1 R. C. L. Supp. p. 1114; 4 R. C. L. Supp. p. 262.