### CREWSON · v. TULSA INDUSTRIAL LOAN & INV. CO.

No. 19883. Opinion Filed April 21, 1931. Rehearing Denied June 9, 1931.

A. Nicodemus, for plaintiff in error.

Fair & Crouch and Clarence Mills, for defendant in error.

HEFNER, J. This is an action in replevin originally brought in the court of common pleas of Tulsa county by the Tulsa Industrial Loan & Investment Company against D. B. Crewson to recover possession of an automobile. Plaintiff claimed possession under a chattel mortgage executed by defend-

ant Thompson Motor Company, which mortgage was subsequently purchased by plaintiff. The mortgage was given to secure an installment note given by defendant for the purchase price of the automobile. Several installments on this note were past due at the time the action was brought. The defense was that the suit was prematurely brought. The trial was to the court and resulted in a judgment in favor of plaintiff.

The first assignment is that the judgment is not sustained by the evidence and is contrary to law. Defendant testified that plaintiff agreed to accept a check dated November 1st for the past due installments; that he gave such check and had the funds on hand to meet the same at the time it became due; that plaintiff, in violation of his agreement, brought suit prior to said time. Suit was brought October 31st. The evidence of plaintiff is to the effect that it received a check from defendant dated November 1st together with a request that suit be postponed until that date; that it refused to accept the check, that the same was insufficient in amount; that upon receipt of the check counsel for plaintiff took the matter up with the defendant and defendant refused to discuss the matter with him and stated that he was too busy to talk; that the check was presented to the bank upon which it was drawn and payment refused for want of funds. Under this evidence the trial court committed no error in rendering judgment in favor of the plaintiff.

It is next contended that the court erred in overruling defendant's objection to the admission of the installment note in evidence. This objection was based on two grounds. First: That the note was not pleaded in plaintiff's petition and that the execution thereof was not proven. Second: That the tax as provided by section 9608, C. O. S. 1921, was not paid and that the same was therefore, under section 9613, C. O. S. 1921, inadmissible. As to the first ground of objection it is sufficient to say that the defendant in open court admitted execution of the note and thereafter as a witness in his own behalf acknowledged the execution of the same. As to the second ground of objection the record discloses that when the note was first offered the court sustained the objection, but granted plaintiff permission to pay the tax. The note was then admitted in evidence. There was no error in this ruling. The tax could be paid at any time before the note was admitted in evidence. Alexander v. Wright, 135 Okla. 96, 274 Pac. 480.

Defendant next assigns as error the action of the court in overruling his motion for a continuance. Defendant took no exception to the ruling of the court. This assignment is therefore not properly before us.

The contention of defendant that there is a fatal variance between the proof and allegations of the petition is not well taken. This contention is based on the ground that the petition pleads a general ownership and the evidence establishes a lien by virtue of a chattel mortgage. Plaintiff alleges in its petition that it has a lien on the automobile in question by virtue of a chattel mortgage and that it is entitled to possession thereunder. The proof conforms to this allegation.

There being no error in the record, the judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, ANDREWS, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.