Ellon M. LOFTIS, Plaintiff in Error,

v.

C. Robert LaSALLE, d/b/a LaSalle Agency, Defendant in Error.

No. 41232.

Supreme Court of Oklahoma.

Sept. 12, 1967.

Deaton, Gassaway & West, Ada, for plaintiff in error.

Robert H. Macy, Ada, for defendant in error.

HODGES, Justice.

This is an action by the plaintiff, C. Robert LaSalle, a real estate broker, to recover a realtor's commission from the defendant, Ellon M. Loftis, for the sale of land pursuant to an exclusive listing contract. The defendant appeals from a jury verdict in favor of plaintiff.

Plaintiff alleged in his petition that he was engaged in the business of a real estate broker in Ada, Oklahoma, at all times pertinent to his action against the defendant; that defendant employed and authorized him to sell a specific tract of her land for $75,000.00 and agreed to pay him a commission of 5% of the sale price, or $3,750.00, therefor; that his employment was by exclusive listing contract executed by plaintiff and defendant granting him the right to sell the land for 60 days from November 1, 1962; that he had duly performed his obligations under the contract by advertising the real estate, soliciting prospective purchasers and procuring a purchaser, Max J. Wilson, who was able, ready and willing to buy and pay for the real estate on the terms stated in the contract; that defendant failed, neglected and refused to close said sale during the period of the listing with him but, instead, deferred the closing of the sale until after expiration of the period of plaintiff's listing; that subsequent to the expiration of the exclusive listing, defendant closed the sale with the said Max J. Wilson; that his efforts and communications with Wilson were the procuring cause of the sale to Wilson; and that his commission is due and owing but that defendant wrongfully refused to pay the same.

The alleged errors assigned by defendant upon which she seeks reversal of this cause are (1) that the action was not prosecuted

by the real estate parties in interest, (2) that the verdict and judgment are not sustained by sufficient evidence and are contrary to law, (3) that the trial court erred in refusing to strike certain portions of plaintiff's petition, (4) that the trial court erred in instructing the jury, and (5) that the trial court erred in overruling defendant's demurrer to plaintiff's evidence and in rendering judgment for the reason that plaintiff failed to plead and prove compliance with 59 O.S.1961, § 831 et seq., the Real Estate License Act.

Defendant's first assignment of error, founded upon an alleged defect of parties, appears to be that some of the testimony of plaintiff's witness, Jenks, being uncontroverted and, therefore, conclusive, establishes that he was a joint adventurer or partner with plaintiff in the contract, and, as such, was one of two real parties in interest necessary for complete litigation of all claims, against defendant on the brokerage contract.

We find no argument with the cases cited by defendant in support of this proposition, and we are in complete agreement with the logic which supports the statutory requirement, 12 O.S.1961, § 221, that actions must be prosecuted by real parties in interest, i. e., that any defendant is entitled to be sued only by those having complaint against him and when he is sued to final judgment on a claim, he should thereafter be free from further suit thereon. We do, however, find neither the cases cited nor the logic therefor to be in any wise applicable to this case.

Defendant relies in chief upon Jenks' testimony which is, in effect, that he shared commissions with LaSalle on the basis of 50% of his (Jenks') sales; that he did not share in sales by the agency of insurance; that he did not share the cost of the office; that real estate was handled as a separate business from insurance; that defendant's account was in the office, as there was a file on each account; that if this suit is successful, he receives one-half; that he will share one-half the expense of the lawsuit out of the lawsuit; that he will bear one-half the expense of the lawsuit if it is unsuccessful; that both he and Mr. LaSalle decided to bring the lawsuit; that he is one-half owner and made part of the decision to file the lawsuit; and that Mr. LaSalle is one-half owner and made part of the decision to file the lawsuit.

Defendant's reliance upon the above portion of the testimony of Jenks fails to consider his other testimony regarding his relationship with the plaintiff. He testified that he worked *for* the plaintiff and that he worked as a "real estate saleman".

Disposition of this proposition is easily made by reference to the definitions contained in the Real Estate License Act, supra, upon which defendant relies in another assignment for reversal.

59 O.S.1961, § 832, defines "real estate broker" as follows:

"The term 'real estate broker' within the meaning of this Act, shall include all persons, associations and corporations, foreign and domestic, who for a fee, commission, or other valuable consideration, or who with the intention or expectation of receiving or collecting the same, lists, sells, purchases, exchanges, rents or leases any real estate, or the improvements thereon, including options, or who negotiates or attempts to negotiate any such activity; or who advertises or holds himself, itself or themselves out as engaged in such activities."

59 O.S.1961, § 833, defines "real estate salesman", as follows:

"The term 'real estate salesman' shall mean and include any person *employed* or *engaged by* or *on behalf of* a real estate broker to do or to deal in any act, acts, or transactions set out, or comprehended by the definition of a real estate broker in Section 2 of this Act for compensation or otherwise." (Emphasis supplied.) Section 832 of this title.

■ An examination of the statutory definitions, above, leaves the reader with the inescapable understanding that while a "broker" can engage in all facets of the

real estate business, the "salesman" can conduct such business only as an agent, servant or employee of a "broker".

Defendant's efforts in this connection to infer that Jenks was a member of the La-Salle Agency are completely thwarted by Jenks' description of his relationship with plaintiff as a "real estate salesman" when considered with 59 O.S.1961, § 835, in pertinent part as follows:

"* * * Every member of a copartnership actively engaged in the real estate brokerage business shall obtain a license as a real estate *broker*." (Emphasis supplied.)

Reading of Jenks' testimony as a whole reveals that it was not his position that because he expected to share in the recovery and expenses of the lawsuit he had an enforceable interest in the contract, and a simple application of the rules of agency makes it clear that even such an expectation by an agent does not create a privity of contract between the agent and the principal's customer. Jenks' assertion of "ownership" in the lawsuit against defendant in these circumstances can logically be interpreted as nothing more than an expression of his understanding of his rights in the commission when and if it is paid, either with or without litigation by his employer, but it is an expression of legal conclusion at best, and is not binding on the court.

The cases cited by defendant to support this assignment of error are readily distinguishable on the facts. Any right, claim or interest of Jenks in or to the commission sued for in this action arose by virtue of Jenks' employment by and relationship to plaintiff. The claim of a servant, agent or employee against his master or principal who is a party to a contract with another, save in some exceptional situations given special consideration by the Legislature such as mechanics' and materialmen's liens, cannot alter the relationship of the contracting parties.

In Sugg v. Atkinson, Warren & Honley Co., 117 Okl. 170, 246 P. 215, plain-tiff had been employed by defendant to secure a loan for him. Plaintiff employed one Cralle as its agent, on a contingent basis of 40% of the commission agreed upon by the plaintiff and defendant, actually to find a lender for defendant. Cralle found a lender and the loan was available for defendant, but defendant refused to accept it. Plaintiff obtained a judgment against defendant for the agreed commission, and an alleged defect in parties plaintiff, based upon the allegations that Cralle was a real party in interest and not a party to the action, was assigned as error by defendant on appeal. In the trial of that case, except for the expression of ownership, almost the identical evidence was elicited from Cralle as was elicited from Jenks in the trial of this cause. There we hold:

"The fact that a contract is effected through an agent who receives a commission for his services does not make the agent a necessary or proper party plaintiff in a suit by the principal to enforce the contract or for damages for its breach."

Jenks' apparent agreement with plaintiff to share the expenses of a lawsuit against defendant did not enhance or change his interest in the commission or his relationship with the defendant. That agreement, like his employment as a real estate salesman, was a collateral agreement between Jenks and the plaintiff which did not affect defendant's contract with plaintiff or her liability thereon.

Defendant's second assigned error, that the verdict and judgment are not sustained by sufficient evidence and are contrary to law, has been carefully considered, and except to the degree that the sufficiency of the evidence is a part of the question raised by her fifth assigned error, we find it without merit.

Defendant's efforts to denominate the evidence capable of consideration by the jury in arriving at its verdict, fail to include the inferences fairly to be drawn from plaintiff's evidence, the direct evidence supplied by defendant and the reasonable in-

ferences which may be fairly drawn from such defensive evidence. The direct evidence presented in this cause together with the fair inferences favorable to plaintiff which may be deduced from all the evidence not only constitute sufficient evidence to substantiate the verdict and judgment, but repels any other conclusion.

Plaintiff's salesman talked to a Charley Johnston on the morning of the day when the purchaser Wilson met the Defendant. Defendant talked by phone to Johnston before he brought Wilson to see her, and on that occasion she told Johnston that LaSalle had the listing on the property. When Johnston arrived with the purchaser, she told them she could not sell the property as LaSalle had the listing on it. On the same day the purchaser Wilson went to plaintiff's office and "talked real estate" with him. In December the purchaser Wilson bought from defendant some cattle which were kept on the property involved, and she agreed that he could leave the cattle on the property until Spring; and at about the same time defendant asked to be relieved of her obligations to plaintiff under the exclusive contract, but she was not released. After expiration of the exclusive period of the contract, defendant sold the real estate to the purchaser Wilson for the same price called for in plaintiff's contract, contending that he got a better deal from her than he could have through plaintiff because she gave him part of her minerals in the property.

█ Sale of cattle on the ranch which was listed for sale and which could have been sold to another before the first of the year, with an agreement that the cattle could remain on the ranch for several months thereafter is incompatible with an intent on defendant's part to abide the contract with plaintiff. When considered in light of the sale to Wilson after expiration of the exclusive period and defendant's efforts to terminate the contract at about the same time as the sale of the cattle to the purchaser Wilson during the exclusive period plus the possible motive of the purchaser (whether real or imagined) in the acquisition of mineral interests which he might not have received by purchase through plaintiff, the dealings between defendant and the purchaser Wilson, as described by them, supply sufficient evidence from which the jury could have concluded they deferred the sale until after expiration of the exclusive period solely to defeat plaintiff's right to a commission.

█ Defendant's third assigned error, that the trial court erred in refusing to strike certain portions of plaintiff's petition, is defective and unassignable in this court upon well founded legal grounds. Defendant's Motion to Strike, upon which this alleged error is predicated, does not appear of record to have been ruled upon and the trial court's attention does not appear to have been called to the existence of the Motion to Strike until the filing of the Motion for New Trial, when it was too late for the complaint to have become the basis of error assigned in this court. White v. Johnson, 103 Okl. 88, 229 P. 539. Since the record reveals no ruling upon defendant's objections to plaintiff's pleading, the matter is not before us. Van Zant v. Reed, 109 Okl. 86, 234 P. 623; Holcombe & Hoke Mfg. Co. v. Waters, 109 Okl. 107, 235 P. 198; Crewson v. Tulsa Industrial Loan & Investment Co., 149 Okl. 142, 299 P. 874; Ward v. Coleman, 170 Okl. 201, 39 P.2d 113; Jones v. Welborn, 180 Okl. 581, 71 P.2d 955; and National Farmers Union Property and Casualty Co. v. Watson, Okl., 298 P.2d 762.

Defendant's fourth assigned error, that the trial court erred in instructing the jury, refers to three instructions given by the court to which exceptions were taken. Each of the instructions was given by the court conditioned that the jury's finding thereon be by a preponderance of the evidence.

The first of the instructions complained of informs the jury that defendant is liable if plaintiff's efforts were the foundation for negotiations which resulted in the sale,

although conducted solely between the owner and purchaser, and resulted in a sale on different terms and at a lesser price.

The second instruction states that before plaintiff can recover, his acts must constitute the efficient cause of the sale, and that defendant's agreement to pay a commission, standing alone, will not justify plaintiff's recovery, and admonishes the jury that it cannot find for plaintiff if his acts and conduct were not responsible for or were not the procuring cause of the sale.

The third instruction authorized recovery by plaintiff if there was an agreement between the parties whereby plaintiff was to procure a ready, willing and able buyer and that for such services defendant agreed to pay plaintiff a commission, if plaintiff's acts and conduct were the procuring cause of the sale of the property.

None of the three instructions was limited by its language to the exclusive period of the contract.

Defendant complains that the instructions given constitute the applicable law to a brokerage contract not limited to an exclusive period, but do not constitute an accurate statement of the law applicable to contracts for exclusive periods. Defendant asserts the law in this case to be that during the effective period of an exclusive contract, any sale creates liability without regard to who is responsible for procuring the purchaser, and that the giving of the complained of instructions had the effect of confusing the jury.

Defendant's position in regard to the law seems well taken. In Shorten v. Mueller, 206 Okl. 62, 241 P.2d 187, we held that a sale of property within the period of an exclusive agency executed the contract and established the liability of the owner and that the question of the procuring cause is immaterial.

Moreover, the contract between the parties hereto contains the following provisions:

"In the event it is sold by you, or myself, ourselves, or by any person during said time, for the price and upon said terms, or for a price and upon terms acceptable to me, us, then and in either of said events, in consideration of our listing the property and endeavor to sell the same, I, we, promise and agree to pay the regular fixed commission of 5% as adopted by the Ada Real Estate Board. * * *"

"I, we, further agree that my, our, rejection of the agreed amount shall constitute a sale and the regular commission shall be paid thereon by me, us."

Defendant in her brief refers us to an extensive annotation contained in 27 A.L.R. 2d 1348. At pages 1357 and 1358 thereof an editorial statement, with which we agree, appears as follows:

"The courts agree that the broker is entitled to commissions, where the fact that the consummation of the sale did not take place until after the revocation or expiration of the brokerage contract was attributable to bad faith or fraud on the part of the owner or other employer."

As authority therefor, Rieffer v. McGuire (D.C.Mun.App.1947) 53 A.2d 784, is cited as follows:

"Where a purchaser has been interested in property by a broker during the period of an *exclusive listing,* and the negotiations are deliberately postponed beyond the period of the listing, and the sale is then consummated by the purchaser interested by the broker, the *broker may still be considered the procuring cause of the sale* and is entitled to commissions." (Emphasis supplied.)

It would not seem to follow, therefore, that the question of the "procuring cause" is immaterial simply because an exclusive listing contract is the basis of controversy in the event of bad faith deferment of sale by the owner. However, inasmuch as a decision on this question is not essential to a proper disposition of this matter, we decline at this time to make it.

It is to be noted that defendant requested an instruction which was given verbatim by the trial court, and it followed the three instructions to which objections were entered. That instruction is as follows:

"The *Plaintiff shall not be entitled to recover a judgment* against the Defendant for a commission claimed to be due him *unless* you find that the Plaintiff has established by a preponderance of the evidence that *within the sixty day period* of his exclusive right to sell the Defendant's property *he produced a buyer* who was *ready, willing and able to purchase* this property at the price and upon the terms outlined in his listing contract, and that the Defendant refused to sell; *or, unless* you find that the Plaintiff has established by a preponderance of the evidence that the Defendant sold her property during the sixty day period and that she deferred entering into a contract of sale with the purchaser until after the expiration of the listing period for the express purpose of defeating the Plaintiff's right to receive a commission." (Emphasis supplied.)

Even a casual reading of that instruction reveals that upon the first of the contingencies required for plaintiff to recover, it was necessary for him to have "produced a buyer" "ready, willing and able to purchase" within the sixty day period of his exclusive right to sell defendant's property.

All three of the instructions excepted to by defendant are subject to the prohibition of the requested instruction, " * * * Plaintiff shall not be entitled to recover * * * unless * * * ", and each explains or defines some of the language or meaning of the requested instruction which requires that plaintiff prove that he "produced a buyer", and each relates as well to the exclusive period of the contract as to the period to which defendant might have "deferred" the sale. Had the court not given the three instructions to which defendant objects, the defendant's requested instructions, which was given, would have authorized the jury to return a verdict for plaintiff upon finding that defendant made the sale to the purchaser after expiration of the exclusive period if it was deferred for the "purpose of defeating plaintiff's right to receive a commission," without finding that the purchaser was produced by plaintiff, that plaintiff's efforts were the foundation for negotiations between the purchaser and the defendant during the exclusive period of the contract or that plaintiff's efforts constituted the efficient cause of the sale. Those instructions were burdens upon plaintiff which were in addition to those requested by defendant insofar as the question of the deferred sale is concerned.

In Artlin Realty Co. v. Glass, 170 Okl. 588, 41 P.2d 471, we held that an instruction which placed the burden upon the plaintiff broker of proving that the purchaser produced was "ready, willing and able" to purchase the property, in no way prejudiced the defendant, against whom the verdict was rendered, even though the burden of such proof had been removed from the plaintiff as a matter of law.

■ Failure of the court to consider the effect of the exclusive period of the contract in each of the instructions does not make them defective or objectionable. No particular instruction need contain all of the law of the case, and the instructions are sufficient when, considered as a whole, they clearly present the law applicable to the issues. West v. Clopine, 200 Okl. 625, 198 P.2d 742; Chickasaw Compress Co. v. Bow, 47 Okl. 576, 149 P. 1166.

■ One who requests a trial court to give an instruction, which is given and which contains errors of law, will not be heard to complain on appeal of the errors contained in that instruction or in instructions given to explain or define the instruction so requested and given. Summers v. Gates, 55 Okl. 96, 154 P. 1159; Carter Oil Co. v. Kennedy, 137 Okl. 168, 278 P. 640; and Bagley v. Blue Flame Propane Company, Okl., 418 P.2d 333.

■ The second syllabus of the Court in Carter Oil Co. v. Kennedy, supra, is as follows:

"Where a party to an action requests the court to instruct the jury and the court gives the instruction requested, the party making the request is bound by the same and cannot predicate error in this court on a theory different from that embodied in the instruction requested."

We will not permit a party litigant to mislead a trial court by requesting an instruction which carries with its presentation the inferential assurance that such instruction contains the law of this State, and then hear his complaint on appeal that the law is not as contained in the requested instruction.

■ Defendant's fifth assigned error is well taken. The plaintiff herein has failed to plead and prove that he was a *licensed* real estate broker at the time when the cause of action arose, as required by 59 O.S.1961, § 855.

■ Plaintiff's acknowledgment of this error by the submission of an affidavit attached to his brief from one purporting to be the secretary of the Ada Board of Realtors, while not viewed by this court with favor because of plaintiff's reliance upon other than the best evidence even in affidavit form, is sufficient to bring to our attention the probability of plaintiff's having been duly licensed as a real estate broker by the State of Oklahoma at the time this cause of action arose.

We, therefore, choose to adhere to the rule announced in Jones v. Majors, Okl., 317 P.2d 190, taking note that the effort of plaintiff here, though failing to establish a legitimate reason for having neglected to comply with the statute involved, would, if established by competent evidence upon rehearing, cure the jurisdiction defect in plaintiff's case, as distinguished from the facts alleged in the affidavit appended to the brief presented to us in Brown Investment Company v. Hickox, Okl., 369 P.2d 807, wherein proof of the averments would have been insufficient to establish compliance with the statute.

The judgment entered in this case is, therefore, vacated, and the cause is remanded to the trial court with directions to hear and determine upon proper notice to the parties, whether plaintiff was a duly licensed real estate broker, as required by 59 O.S.1961, § 855. If plaintiff establishes upon such hearing that he was a duly licensed real estate broker, as required by the statute, judgment shall be rendered for plaintiff, as heretofore entered, except that the costs of appeal are charged to him for failure to make proof essential to jurisdiction. Upon failure to establish that plaintiff was a duly licensed real estate broker, as required by statute, the judgment shall in all respects stand reversed with directions to the trial court to sustain defendant's demurrer to the evidence, and enter judgment for defendant.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, and LAVENDER, JJ., concur.

McINERNEY, J., concurs in results.