## JOHN R. HALE v. GEO. W. BROE.

(Filed February 13, 1907.)

**APPEALABLE ORDER—Order Overruling Demurrer.** In an action for an accounting, where a demurrer to the petition is filed overruled, and afterward a motion asking the petition to be made more definite and certain is filed and overruled, and after the overruling of such motion the defendant asks to refile his demurrer, upon which no ruling is made and such demurrer is not refiled, and where afterwards the defendant objects to the appointment of a receiver, and otherwise appears in the case in all matters so far as it has been heard, the defendant will be held to have waived his right of appeal from the order overruling the demurrer and will be required to wait until after final judgment before he can have the question of the ruling upon the demurrer reviewed in this court.

2. **SAME—Order Appointing Receiver.** An order appointing a receiver is not reviewable in this court until after the final disposition of the case.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

*Stevens & Miller,* for plaintiff in error.

*Parmenter & Myers,* for defendant in error.

Opinion of the court by

PANCOAST J.: The record in this case discloses that on the 21st day of Februrary, 1905, the defendant in error. as plaintiff below, George W. Broe, filed a petition in the district court of Comanche county against John R. Hale

praying that an accounting be had between the defendant Hale and the plaintiff, and that a receiver be appointed to take possession of the property, a Buckeye ditcher, during the pendency of the action, and for judgment in the sum of $5,000.00, the amount which he claimed his interest to be in the property and which was due him as proceeds of the business.

The plaintiff in support of his application for a receiver, filed an affidavit setting up the facts in support of his contention. To this petition the defendant demurred upon two grounds: First, that the petition did not state a cause of action, and second, that several causes of action were improperly joined. The demurrer was heard on the 30th of March, 1905, and overruled; exception was saved and thereupon the defendant filed a motion to make the petition of plaintiff more definite and certain; which motion coming on to be heard was overruled and exception saved. After the overruling of the motion, the defendant asked leave to refile the demurrer, and stated that he would stand thereon. The record does not disclose that the court took any action upon this application to refile the demurrer, nor does the record show that the demurrer was in fact refiled.

The plaintiff then presented his application to the court for the appointment of a receiver. The court, after hearing the application, appointed E. M. English receiver, and fixed his bond at the sum of $2500.00, and upon application, the cause was referred to John Foster, special referee, with direction to take an accounting between the plaintiff and defendant, and to hear and determine all questions of law and fact, and report his conclusions to the court; to which

judgment and order the defendant at the time objected and excepted, and prayed an appeal to the supreme court.

The defendant asked the court for an order staying the execution of the order appointing a receiver pending the appeal to the supreme court, upon the defendant giving bond in a sum to be fixed by the court that he would pay all costs and damages that might accrue to the plaintiff by reason of the staying of said order, in case said order appointing a receiver should be affirmed, and further abide the order of the court with reference to the receiver; which application the court overruled and exception was saved.

The court, however, made an order that judgment be suspended upon the defendant Hale giving a good and. sufficent bond in the sum of $5,000.00 to abide the judgment of the. court and. to pay any sum found due plaintiff upon the final determination of the cause, to which order the defendant excepted. The order appointing the receiver required him to take charge of and control and manage, under the orders and direction of the court, one Buckeye ditcher, owned by the parties, then being used in the digging and excavating of the Lawton sewer system, at Lawton, Oklahoma, and preserve the same until the final determination of the cause or until otherwise directed by the court.

At the time of perfecting the appeal in this case, no other or further action had been taken therein. There is nothing to show that the referee had tried the case or made his report; in fact, the parties both concede that nothing further had been done in the premises.

The plaintiff in error assigns as error the several propositions heard in the court below, upon which the court ruled.

adversely to him and to which he saved his exceptions. These include the ruling upon the demurrer and the motion to make the petition more definite and certain, the appointment of the receiver, the order requiring bond for the payment of the judgment, and the order directing the clerk to approve the bond, as well as matter arising out of the conditions of the bond itself. There is also an assignment of error, number three, to the effect that the court was in error in rendering judgment on the petition as it stood; but as before stated, the record does not disclose any final judgment, of any kind or for any amount.

We are met with the contention on the part of the defendant in error that no appealable order has yet been made in this case, and, before looking into the different errors assigned, we must necessarily pass upon the question of whether or not any appealable order has been made, and if such an order has been made at any time, whether or not the plaintiff in error has placed himself in such a position as will prevent him from appealing therefrom at this time. If no such order has been made, there is nothing for this court to review, and, even, if such an order has been made, and the plaintiff in error has placed himself in such a position that he cannot take advantage thereof until after judgment is rendered, then the appeal should be dismissed.

Our statute provides that appeals may be taken from an order that sustains or overrules a demurrer; also from an order that involves the merits of the action or some part thereof. There are many decisions by the different courts passing upon these questions, but in every case the decisions are necessarily based upon the statute of the particular state.

Consequently, it is only the cases from those states having statutes similar to ours that can aid us in a determination of this case.   It has been held by the court of appeals of the state of Kansas, in the case of *Williamson v. Kansas & T Coal Co.,* reported in 50 Pac. 106, that an appeal will lie from an order overruling a demurrer.

It is evident from an examination of the petition in this case that no judgment could be rendered upon the petition without taking an account, and this could not be done with‹ out proof, and the court very properly referred the matter to a referee.   The decision of the court overruling the demurrer could, therefore, under no circumstances, become a final order or be treated as a final determination of the rights of the defendant.   No final order could be made until after the proof had been submitted and the report of the referee made

We find that in many cases from those states having statutes similar to ours, where a party wishes to have reviewed an order overruling a demurrer, it is the practice for him to refuse to plead over and announce that he will stand upon the demurrer, and judgment is thereupon rendered by the court as upon default, or, the party may plead over and wait until the case is finally terminated.   This is the rule laid down in the case of *Paris v. Henderson* 1 Okla. 384. and *Seippel v. Blake,* 45 N. W. 728 decided by the supreme court of Iowa.   Many other cases might be cited supporting the same view, while others can be found holding that an appeal will lie from a decision overruling a demurrer, before the case is tried upon its merits.   We think, however, that no case can be found where a party will be allowed an appeal from a decision overruling a demurrer to a petition before

final judgment is rendered, where the party has plead over or otherwise proceeded with the case. In this case, as the record shows, the demurrer was first filed and passed upon, then a motion was made to make the petition more definite and certain, which was passed upon, then the defendant asked leave to refile his demurrer, but the record nowhere discloses that the court gave his permission to refile the demurrer, nor in fact, was the demurrer ever refiled. Afterwards, the plaintiff in error objected to the appointment of a receiver and took his exceptions to the action of the court in making such appointment, so that the record clearly shows that the plaintiff in error, notwithstanding the overruling of the demurrer proceeded with the case as far as it has gone to the time of perfecting the appeal herein. If, therefore, the plaintiff had any right of appeal from the decision upon the demurrer, he certainly should be held to have waived the same by reason of his not standing thereon and because of the fact that he proceeded with the case in everything that transpired therein up to the time of perfecting the record on appeal.

By the decision of the trial court, nothing was decided but a question of pleading, and the plaintiff in error can not be injured by applying a strict rule of practice, as the petition is still pending, and when the evidence is taken and the report of the referee is made, it may be found that the plaintiff below has no cause of action, and judgment may be rendered against him for costs.

The second proposition contended for by the defendant is that the order appointing a receiver is not an appealable one. This question is not a difficult one to determine, as the decisions are uniform. The question has been passed upon in

*Hottenstein v. Conrad,* 5 Kan. 249; *The Kansas Roller Mill Co. v. A. T. & S. F. Ry. Co.,* 1 Pac. 274; *Boyd v. Cook,* 20 Pac. 272, and cases there cited.

In each of these cases it is held that an order appointing a receiver is not reviewable until after the final disposition of the case, and we think the rule laid down is certainly correct.

It is not contended by the plaintiff in error that the other alleged errors can be considered unless one or the other of the two orders made are reviewable. Indeed, some of the questions argued do not arise upon either of these two orders. and can not be reviewed as the case now stands.

Having reached the conclusion that neither of the orders made in this case are reviewable at this time, and that there is nothing for this court to pass upon, it follows that the appeal must be dismissed. It is so ordered.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.