## HOFFMAN et al. v. PETTAWAY.

No. 8876—Opinion Filed Oct. 22, 1918.

(175 Pac. 745.)

#### Appeal and Error—Ruling on Demurrer — Answer Over—Effect.

If, after an adverse ruling on demurrer to the petition, the defendant files an answer,

ne cannot be permitted to file a petition in error in this court to review the adverse ruling; he must await the result of a final trial.

(Syllabus by Hooker, C.)

Error from District Court, Muskogee County; R. P. De Graffenreid, Judge.

Suit by L. E. Pettaway, a minor, by his next friend, James Bell, against J. H. Hoffman and others. From an order overruling a demurrer to the amended petition, defendants bring error on the transcript. Dismissed.

Ed Hirsh and Myron White, for plaintiff in error J. H. Hoffman.

Joseph C. Stone, Chas. A. Moon, and Francis Stewart, for defendant in error.

Opinion by HOOKER, C. This suit was filed by the defendant in error against the plaintiffs in error to recover a judgment for damages alleged to have been caused to the defendant in error by the negligent operation of one automobile by Irving Cole; he being then and there the servant and in the employ of his codefendants, J. H. Hoffman and W. T. Cole. A demurrer was filed to the amended petition, and overruled, and leave granted to the defendants below to file an answer within five days. From this order of the court overruling said demurrer, the defendants below have appealed here by transcript.

A motion to dismiss said appeal has been filed by defendant in error for the reason that said defendants below did within the time allowed by the court file an answer to said petition, and, having answered, they cannot now appeal from the order of the court overruling said demurrer. Other reasons are urged why said appeal should be dismissed, but it is only necessary to consider this one proposition named above. In Union Pac. Ry. Co. v. Estes, 37 Kan. 229, 15 Pac. 157, the Supreme Court of Kansas said:

"A party who seeks to have the ruling of the district court on a demurrer to the petition reviewed in this court must elect to stand on the demurrer, and at once bring the case to this court, or an answer may be filed, and, when the case is finally tried, if it is tried on the original petition, and then brought to this court by the party demurring, the * * * demurrer will be passed on here. If, after an adverse ruling on a demurrer to the petition, the defendant files an answer, he cannot be permitted to file a petition in error in this court to reverse the adverse ruling; he must await the result of the final trial."

Our statute allowing an appeal from an order overruling a demurrer was taken from Kansas. In Hale v. Broc, 18 Okla. 147, 151, 90 Pac. 5, 6, this court said:

"We think, however, that no case can be found where a party will be allowed an appeal from a decision overruling a demurrer to a petition before final judgment is rendered, where a party has plead over or otherwise proceeded with the case. * * * If, therefore, the plaintiff had any right of appeal from the decision upon the demurrer, he certainly should be held to have waived the same by reason of his not standing thereon, and because of the fact that he proceeded with the case in everything," etc.

See, also, McDavid v. Ellis, 89 Ill. App. 182.

And this rule has been adhered to by this court constantly. O'Neil v. James, 40 Okla. 661, 140 Pac. 141; Jones v. Bennett, 40 Okla. 664, 140 Pac. 148.

This appeal is therefore dismissed, so the trial may proceed in the lower court.

By the Court: It is so ordered.