EXCHANGE OIL COMPANY et al. v. CREWS, Guardian, et al.
and
GARFIELD OIL CO. v. SAME.

Nos. 14109 and 14110—Opinion Filed May 29, 1923

Rehearing Denied July 17, 1923.

(Syllabus.)

1. Appeal and Error—Review—Ruling on Demurrer to Petition—Procedure.

A defendant who seeks to have an order of the court overruling demurrer to petition reviewed in this court may elect to stand on the demurrer, in which event he may bring the case on appeal to this court at once, or he may elect to plead further, in which event no appeal can be taken from the order overruling the demurrer until the case is tried, and then the action of the trial court in overruling the demurrer may be presented to this court by appeal.

2. Same—Effect of Demurrant Asking Time to Plead Further.

Where the defendant's demurrer to the petition is overruled, and the trial court requests defendant to elect whether he will stand on the demurrer or will plead further,

and defendant asks for and is allowed time within which to plead further, held, that an appeal will not lie from the order overruling the demurrer, but if proper exceptions are saved and the action of the trial court in regard thereto is set out in the motion for a new trial, the action of the court in overruling demurrer can be reviewed upon appeal from the final judgment.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by L. E. Crews, guardian, and others against the Exchange Oil Company and the Sinclair Oil & Gas Company, and action by same parties against the Garfield Oil Company—consolidated. From orders overruling demurrers, defendants bring error. Dismissed.

Edw. H. Chandler, Summers Hardy, Thos. J. Hanlon, J. M. McCune, Wm. O. Beall, and Robt. L. Imler, for plaintiffs in error.

W. W. Sutton, for defendants in error.

COCHRAN, J. Defendants in error filed an action against plaintiffs in error in the district court of Garfield county, Okla., to cancel an oil and gas lease and for an accounting against the three defendants for the oil alleged to have been taken by each of said defendants during the time each owned and operated the same. Separate demurrers were filed by each of the defendants to the petition and the same were by the trial court overruled, to which exceptions were saved by each of the defendants and notice of appeal to the Supreme Court given. Thereupon the trial court required the defendants to elect whether they would stand upon the demurrers, and the defendants thereupon announced their intention to appeal to the Supreme Court from the order overruling their demurrers, and protested against the action of the trial court in requiring them to elect whether they would stand on the demurrers or plead further. While still insisting upon their rights to appeal from such orders and to have the further proceedings stayed pending such appeal, they prayed the court for an extension of 30 days in which to file an answer in said cases, and the trial court made an order granting 30 days in which to file such answers. The defendants thereupon perfected their appeal to this court from the orders overruling the demurrers of the several defendants. The defendants in error have filed a motion to dismiss the appeal. The plaintiffs in error rely upon the second subdivision of section 780, Comp. Stats. 1921, which provides that the Supreme Court may reverse, vacate, or modify the following orders:

"An order that grants or refuses a continuance; discharges, vacates, or modifies a provisional remedy; or grants, refuses, vacates or modifies an injunction; that grants or refuses a new trial; or confirms or refuses to confirm the report of a referee; or sustains or overrules a demurrer."

This section of the statute has been construed a number of times by the Supreme Court of Kansas, and the holding of that court has been uniformly followed by this court. In Union Pacific R. Co. v. Estes (Kan.) 15 Pac. 157, the court said:

"A party who seeks to have the ruling of the district court on a demurrer to the petition reviewed in this court must elect to stand on the demurrer, and at once bring the case to this court, or an answer may be filed, and when the case is finally tried, if it is tried on the original petition, and then brought to this court by the party demurring, the ruling on the demurrer will be passed on here. If, after an adverse ruling on a demurrer to the petition, the defendant files an answer, he cannot be permitted to file a petition in error in this court to reverse the adverse ruling; he must await the result of the final trial."

Bartholomew v. Guthrie (Kan.) 81 Pac. 491, is not in any manner in conflict with the opinion in the Estes Case, supra, but holds that where the party does elect to stand on his demurrer, the appeal may be taken although final judgment is not entered in the case.

In Hale. v. Broe, 18 Okla. 147, 90 Pac. 5, the defendants filed a demurrer to the petition, which was overruled. Thereupon the defendant filed a motion to make more definite and certain, which was overruled. The plaintiff then presented an application for the appointment of a receiver, and order was made appointing receiver. Defendant then asked for an order staying execution of the order appointing receiver pending appeal to the Supreme Court, and an appeal was taken to the Supreme Court, without further proceedings having been taken in the case, for the purpose of reviewing the ruling of the trial court upon the demurrer and motion to make more definite and certain and the appointment of the receiver, and the question was presented that no appealable order had been made in the case, and that the appeal should be dismissed. In passing on the question as to whether the demurrer was an appealable order under those circumstances, the court used the following language:

"We find that in many cases from those states having statutes similar to ours, where a party wishes to have reviewed an order overruling a demurrer, it is the practice for him to refuse to plead over and announce that he will stand upon the demurrer, and judgment is thereupon rendered by the court as upon default, or the party may plead over and wait until the case is finally terminated. This is the rule laid down in the case of Farris v. Henderson, 1 Okla. 384, 33 Pac. 380, and Seippel v. Blake, 45 N. W. 728, 80 Iowa, 142, decided by the Supreme Court of Iowa. Many other cases might be cited supporting the same view. while others can be found holding that an appeal will lie from a decision overruling a demurrer, before the case is tried upon its merits. We think, however, that no case can be found where a party will be allowed an appeal from a decision overruling a demurrer to a petition before final judgment is rendered, where the party has pleaded over, or otherwise proceeded with the case."

In Simmons v. Chestnut-Gibbons Grocery Co., 70 Oklahoma, 173 Pac. 217, this court in the fourth paragraph of the syllabus stated as follows:

"A party who seeks to have the ruling of the district court on a demurrer to the petition reviewed in this court must elect to stand on the demurrer and at once bring the case to this court; or an answer may be filed and when the case is tried, if it is tried on the original petition, and then brought here by the party demurring, the ruling on the demurrer will be passed on here."

In Hoffman v. Pettaway, 73 Oklahoma, 175 Pac. 745, this court quoted with approval from the case of Union Pacific Railway Co. v. Estes, and Hale v. Broe, supra, and dismissed the appeal. In that case a demurrer was filed to the petition and overruled, and leave granted to the defendants to file answer within five days, and from this order of the court overruling demurrer, defendants appealed. The syllabus in that case is as follows:

"If, after an adverse ruling on demurrer to the petition, the defendant files an answer he cannot be permitted to file a petition in error in this court to review the adverse ruling; he must await the result of a final trial."

The case of Ashley Silk Co. v. Oklahoma Fire Ins. Co., 33 Okla. 348, 125 Pac. 449, and Board of Com'rs of Lincoln Co. v. Robertson, 35 Okla. 616, 130 Pac. 947, held that an appeal may be prosecuted prior to the entry of final judgment in the case, and follow the rule announced in that respect by the Supreme Court of Kansas in Bartholomew v. Guthrie, supra, but the holding in these cases is not in conflict with the

decisions which we have heretofore quoted in that it is held that in order for an appeal to be prosecuted immediately from the order overruling a demurrer the party must elect to stand on his demurrer; otherwise he must wait until final judgment is entered in the case.

The fact that plaintiffs in error were required by the trial court to elect whether they would stand on the demurrers or plead further does not in any manner change the situation. Since the opinion by this court in Simmons v. Chestnut-Gibbons Grocery Co., supra, the filing of an answer does not waive the exception to the order overruling the demurrer, and the error can be assigned in a motion for a new trial and presented for review by this court in an appeal from final judgment. On the question of waiver, had the rule of this court remained as announced in Munson v. First Nat. Bank, 58 Okla. 284, 159 Pac. 486, the fact that the trial court required the election and that answer was filed under compulsion in order to avoid having judgment rendered against defendants for a large sum might have been material, but, so far as the question under consideration by us is concerned, it is immaterial whether the defendants voluntarily elected to take time to answer or did so because the trial court required it. Under the authorities which we have cited, it is necessary that defendants elect to stand on the demurrers in order to appeal from the orders overruling the same, and it was therefore proper for the trial court to require that this election be made. Having elected to plead further, the ruling of the court is not an appealable order.

For the reasons stated, the appeals of the plaintiffs in error are dismissed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.