### STEBBINS et al. v. EDWARDS.

No. 12911—Opinion Filed Dec. 2, 1924.

(Syllabus.)

1. **Appeal and Error—Decisions Reviewable —Overruling Demurrer.**

A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition, may either elect to stand upon his demurrer, so that final judgment in the cause may be rendered, in which case he may appeal at once to this court, or he may elect to plead further, reserving his exception to the court's ruling thereon, and incorporating his exceptions in the record of the whole case when brought to this court after final judgment.

2. **Same—Failure to Stand on Demurrer— Lack of Final Judgment.**

Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without electing to stand upon his demurrer, and without any final judgment in the cause, such appeal presents nothing properly reviewable by this court.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Oscar W. Edwards against Grant C. Stebbins and others. Demurrer to petition overruled, and defendants bring error. Dismissed.

Former opinion, published in 101 Okla. 188, 224 Pac. 714, withdrawn.

Biddison & Campbell, for plaintiffs in error.

West, Sherman, Davidson & Moore, for defendants in error.

GORDON, J. In this case plaintiffs in error demurred to the petition of defendant in error; the demurrer was by the trial court overruled. The defendants below excepted to the overruling of demurrer and gave notice of intention to appeal from the judgment of the trial court overruling the demurrer. Defendants did not stand upon their demurrer, and no final judgment was entered in the cause. This court has heretofore held in the cases of Exchange Oil Co. et al. v. Crews et al., and Garfield Oil Co. v. Crews et al., 90 Okla. 245, 216 Pac. 674, that such an order overruling a demurrer is not a final order from which appeal may be taken to this court unless the party shall have elected to stand upon his demurrer. The first paragraph of the syllabus in that case is as follows:

"A defendant who seeks to have an order of the court overruling a demurrer to petition reviewed in this court may elect to stand on the demurrer, in which event, he may bring the case on appeal to this court at once, or he may elect to plead further, in which event no appeal can be taken from the order overruling the demurrer until the case is tried. and then the action of the trial court in overruling the demurrer may be presented to this court by appeal."

In the body of the opinion, the case of Union Pacific R. Co. v. Estes (Kan.) 15 Pac. 157, is quoted with approval. In the opinion, on page 157, the court said:

"A party who seeks to have the ruling of the district court on a demurrer to the petition reviewed in this court must elect to stand on the demurrer, and at once bring the case to this court, or an answer may be filed, and when the case is finally tried, if it is tried on the original petition, and then brought to this court by the party demurring, the ruling on the demurrer will be passed on here. If, after an adverse ruling on a demurrer to the petition, the defendant files an answer, he cannot be permitted to file a petition in error in this court to reverse the adverse ruling; he must await the result of the final trial."

It is apparent here that the defendants below did not elect to stand upon their demurrer, the record showing simply the overruling of the demurrer, the exception and the notice of appeal. Under these circumstances, under the holding of this court in the case above cited, there is nothing properly presented to this court for review, and the appeal herein must be dismissed. The appeal is dismissed.

McNEILL, C. J., and JOHNSON, BRANSON, LYDICK, and WARREN, JJ., concur.