## FREEMAN et al. v. GIBSON.

No. 15506—Opinion Filed Jan. 7, 1925.

(Syllabus.)

1. **Appeal and Error — Reserving Error — Overruling Demurrer to Petition.**

A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition, must either elect to stand upon his demurrer, in which event final judgment must be rendered in the cause by the court, or reserve his exception to the order overruling his demurrer, plead further, and upon appeal from the final judgment in the whole cause, have the alleged error reviewed here.

2. **Same—Premature Appeal.**

Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without the rendition of a final judgment in the cause, such appeal presents nothing properly reviewable by this court.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action by Verna Marie Gibson against John W. Freeman and others. Demurrer to petition overruled, and defendants bring error. Dismissed.

Don Cameron, for plaintiffs in error.

GORDON, J. In this case defendants below demurred to plaintiff's petition. This demurrer was overruled; defendants excepted and refused to plead further "at this time." No further judgment in the case was either rendered or entered. Therefore, under authority of Exchange Oil Co. v. Crews et al., 90 Okla. 245, 216 Pac. 674, and Stebbens et al. v. Edwards, 107 Okla. 139, 231 Pac. 507, the appeal in this case must be dismissed. The defendants in the court below should be required to elect whether they will stand upon their demurrer; if they elect to so stand, judgment should be rendered and entered for plaintiff, and appeal may be then taken by defendants to this court. If defendants shall elect to plead further, they may save their exceptions to the action of the court in overruling their demurrer and the question may be properly presented to this court upon the whole case, when final judgment shall have been rendered and ap-

peal shall have been taken to this court. The appeal is denied.

All the Justices concur.

Note.—See under (1) 3 C. J. p. 484; (2) 3 C. J. p. 598.