### CULP et al. v. STATE et al.

No. 13099—Opinion Filed March 10, 1925.

**1. Appeal and Error—Preserving Error—Order Overruling Demurrer.**

A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition, must either elect to stand upon his demurrer, in which event final judgment must be rendered in the cause by the court, or reserve his exception to the order overruling his demurrer, plead further, and upon appeal from the final judgment in the whole cause, have the alleged error reviewed here.

**2. Same—Premature Appeal.**

Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without the rendition of a final judgment in the cause, such appeal presents nothing properly reviewable by this court.

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; C. C. Smith, Judge.

John Adams and Dale & Bierer, for plaintiffs in error.

C. G. Horner, for defendants in error.

PER CURIAM. In this case defendants below demurred to plaintiff's petition. The demurrer was overruled, defendants excepted, but refused to elect to stand on their

demurrer. In the journal entry overruling the demurrer we find this language:

"Further orders to plead in said cause will be made or taken in accordance with the judgment of the Supreme Court as will appear from the mandate therein."

No further judgment in the case was either rendered or entered, therefore, under authorities of Exchange Oil Company v. Crews et al., 90 Okla. 245, 216 Pac. 674, and Stebbins et al. v. Edwards, 107 Okla. 139, 231 Pac. 507, and the more recent case of Freeman et al. v. Gibson, 107 Okla. 220, 232 Pac. 806, the appeal in this case should be dismissed. The defendants in the court below should be required to elect whether they will stand upon their demurrer: if they elect to stand, judgment should be rendered and entered for plaintiff, and appeal may be then taken by defendants to this court. If defendants shall elect to plead further they may save their exceptions to the action of the court in overruling their demurrer and the question may be properly presented to this court upon the whole case, when final judgment shall have been rendered, and appeal shall have been taken to this court. We therefore recommend that this appeal be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 483; (2) 3 C. J. p. 481.