## JONES et al. v. TOOMEY,

No. 12869—Opinion Filed Dec. 8, 1925.

**1. Appeal and Error—Procedure for Seeking Review of Order Overruling Demurrer to Petition.**

A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition must either elect to stand upon his demurrer, in which event final judgment must be rendered in the cause by the court, or reserve his exception to the order overruling his demurrer, plead further, and, upon appeal from final judgment in the whole cause, have the alleged error reviewed here.

**2. Same—Right to Review—Necessity for Final Judgment.**

Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without the rendition of a final judgment in the cause, such appeal presents nothing properly reviewable by this court.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Paul Toomey against Richard Lloyd Jones and Tulsa Tribune Company. From an order overruling the demurrers of defendants, the latter appeal. Appeal dismissed.

Biddison & Campbell, for plaintiffs in error.

Rogers & Jones, for defendant in error.

Opinion by ESTES, C. Paul Toomey sued Richard Lloyd Jones and Tulsa Tribune Company for libel. Defendants demurred. The order recites simply:

"Thereupon the court doth overrule each of said demurrers, to which ruling, order, and judgment of the court each of the defendants severally excepted and each separately gave notice in open court of his intention to appeal," etc.

The record does not disclose that defendants elected to stand upon their demurrers. No judgment was rendered against defendants.

In Culp et al. v. State ex rel. Shores, 109 Okla. 6, 234 Pac. 730, being the last pronouncement of this court on the questions here involved, it is held:

"A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition, must either elect to stand upon his demurrer, in which event final judgment must be rendered in the cause by the court, or reserve his exception to the order overruling his demurrer, plead further, and upon appeal from the final judgment in the whole cause, have the alleged error reviewed here.

"Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without the rendition of a final judgment in the cause, such appeal presents nothing properly reviewable by this court."

Under that case and the authorities therein cited, this proceeding for review is not predicated upon an appealable order, as shown by the face of the record. Nothing is presented properly reviewable by this court. Under this state of case, although no application has been lodged for such purpose, it is the duty of the court, being without jurisdiction, to dismiss this appeal on its own motion.

In 4 C. J. 589, it is stated as "well settled that want of jurisdiction, as where it does not appear that an appealable judgment or decree has been duly rendered and entered, * * * will warrant an appellate court in dismissing an appeal or writ of error of its own motion". In 3 C. J. 372, it is said:

"Moreover, it is the duty of the court to determine the question of its jurisdiction of its own motion; and it will not ignore a want of jurisdiction because the question is not raised or discussed by either party".

These propositions are so fundamental that we do not deem it necessary to cite the numerous authorities thereto.

Let the appeal be dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 483, § 484, § 312. (2) 3 C. J. p. 484, § 312.