## HOPPER v. STEWARD et al.

No. 19863. Opinion Filed July 9, 1929.

Andrews & Aston, for plaintiff in error.

T. T. Varner, for defendants in error.

PER CURIAM. The plaintiff in error, defendant below, appeals from an order of the district court of LeFlore county overruling the demurrer of the defendant to the petition of the plaintiffs filed in the trial court. The defendant excepted to the order overruling the demurrer and gave notice of appeal and was given time in which to make and serve case-made. The defendant asked for time in which to file answer to the plaintiffs' petition and was given 10 days from the date of the order within which to file answer in the cause. It is not affirmatively shown in the order overruling the demurrer that the defendant elected to stand on the demurrer, and no final judgment was rendered in the cause.

The facts in this case are analogous to the facts in the case of Stebbins et al. v. Edwards, 107 Okla. 139, 231 Pac. 507, in which this court announced the following rule:

"A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition, may either elect to stand upon his demurrer, so that final judgment in the cause may be rendered, in which case he may appeal at once to this court, or he may elect to plead further, reserving his exceptions to the court's ruling thereon, and incorporating his exceptions in the record in the whole case when brought to this court after final judgment.

"Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without electing to stand upon his demurrer, and without any final judgment in the cause, such appeal presents nothing properly reviewable by this court."

See, also, Missouri Pacific Ry. Co. v. Knight, 111 Okla. 21, 238 Pac. 192; Van Zant v. Reed, 109 Ok'a. 86, 234 Pac. 623; Culp v. State, 109 Okla. 6, 234 Pac. 730; Exchange Oil Co. v. Crews, 90 Okla. 245, 216 Pac. 674; Jones v. Toomey, 115 Okla. 169, 241 Pac. 1105; Okmulgee Producing & Refining Co. v. Davis, 99 Okla. 4, 225 Pac. 550.

Under the rules announced in the cases above cited, the appeal from the order presented herein, without having elected to stand on the demurrer and permit final judgment, is premature, and upon motion of the defendants in error the appeal is dismissed.

Note.—See "Appeal and Error," 3 C. J. §312, p. 481, n. 8.