**TERRELL et al. v. PHIPPS et al.**

No. 27051.    Oct. 19, 1937.

Rehearing Denied Nov. 23, 1937.

Application for Leave to File Second Petition for Rehearing Denied Dec. 14, 1937.

W. L. Johnson, for plaintiffs in error.

Embry & Embry and M. A. Cox, for defendants in error.

BAYLESS, V. C. J.  H. H. Phipps and W. A. Phipps filed an action in the district court of Lincoln county, Okla., against a number of defendants for the purpose of quieting title to real estate. Among the defendants was Wentz Terrell. Certain persons claiming to be heirs of Malissa Terrell, deceased, intervened. Wentz Terrell eventually filed his first amended answer and cross-petition, his answer being a general denial, and his cross-petition being a claim of title to a portion of the real estate by purchase, and a claim of title to another portion by inheritance from his deceased brother, Hick Terrell. The interveners adopted the first amended answer and cross-petition of Wentz Terrell as theirs, although, as a matter of fact, the sole basis of their claim to the property was through inheritance as heirs of Malissa Terrell, deceased, who was the wife of Hick Terrell, the deceased brother of Wentz Terrell. Thereafter, changes and amendments were made by them. Judgment was rendered in favor of the plaintiffs and certain codefendants, and Wentz Terrell and the interveners appeal.

We are of the opinion that the interveners cannot maintain this appeal. The case went to trial upon the issues joined between the plaintiffs and the interveners, and judgment was rendered upon the evidence introduced. The interveners thereupon filed a motion for new trial, but the record does not disclose that the motion for new trial was acted upon.

The well-settled law of this state is:

"The Supreme Court will not review the rulings of the lower court made in the course of trial, unless a motion for new trial based upon such alleged errors has been duly presented to the lower court, and opportunity thereby given to re-examine and correct them." Eggleston v. Williams. 30 Okla. 129, 120 P. 944.

And also, see Oklahoma Digest, Appeal and Error, Key No. 281 (1), "Errors during the trial cannot be considered, unless a motion for new trial complaining thereof has

410

been made and ruled on, and exceptions saved, and error assigned to the ruling." Vanderburg v. Winne, 55 Okla. 679, 155 P. 245.

The record is not clear as to just who, of the interveners, are appealing and who are not. There is a group of the interveners named Williams, mentioned in the caption to the petition in error, but in the body of the petition in error where the names of the defendants and interveners against whom the judgment was rendered are set out, this group is not named. However, this will not make any material difference in our decision upon the interests of all of the interveners. They all had a trial in which evidence was introduced, and every error of which they complain in the motion for new trial is an error which must be reserved in the motion for new trial. And, as we have seen above, they are not entitled to have their assigned errors considered on appeal, unless their motion for new trial has been adversely acted upon by the trial court and a proper record saved.

We next take up the appeal in so far as it relates to Wentz Terrell. In the course of the action in the trial court, he filed a first amended answer and cross-petition. The plaintiffs filed a demurrer to the cross-petition of the pleading. Certain defendants filed a demurrer to both the answer and cross-petition contained in the first amended answer and cross-petition. Thereafter, the trial court considered these demurrers, and sustained them. Thereupon, Wentz Terrell elected to stand upon his pleadings and permitted the court to render judgment against him, and in favor of the demurrants, and gave notice of his intention to appeal to the Supreme Court. The law in this state is that where a demurrer has been sustained to a pleading with the effect of determining the issue between the parties, the party against whom the demurrer is sustained may elect to stand upon the pleading and when judgment is rendered against him thereon, may appeal directly to the Supreme Court (Berry v. Barton. 12 Okla. 221, 71 P. 1074) ; but the law in Oklahoma is equally well settled that where a party, to whose pleading a demurrer has been sustained, asks for further time to plead, or thereafter amends his pleading, he waives the error in sustaining the demurrer to his previous pleading, and he cannot at that time appeal. Guess v. Reed, 49 Okla. 124, 152 P. 399. and Campbell v.

Thornburg, 57 Okla. 231, 154 P. 574, 156 P. 1152, and numerous other cases.

The case was thereupon set for trial upon the issues between the plaintiffs and those opposing them, and the cause came on for trial on the 18th day of March, 1936. The journal entry of judgment recites that Wentz Terrell appeared in person and by his attorney, W. L. Johnson. The record further recites that those defendants represented by W. L. Johnson applied to the court for permission to withdraw their amended cross-petitions and to separately number and docket the same as independent actions, which application the trial court denied, and the defendants excepted. The journal entry of judgment further recites that Wentz Terrell objected to the introduction of evidence and excepted to the order of the court overruling the same; that the defendant Wentz Terrell demurred to the evidence of the plaintiffs and excepted to the ruling of the court overruling same; that the defendant Wentz Terrell introduced evidence and otherwise actively participated in the trial of the cause. It is interesting to note that he did not have a pleading of any character on file at that time. The court, thereupon, rendered judgment in favor of the plaintiffs and others, against Wentz Terrell, to which Wentz Terrell excepted, and within three days thereafter the defendant Wentz Terrell filed a motion for new trial. This motion for new trial appears in the record, but was never acted upon, and Wentz Terrell, like the other appellants, cannot urge matters covered by it.

Having in mind the rules relating to the effect of the actions of a party after the court has sustained a demurrer to his pleading, we are of the opinion that the conduct of Wentz Terrell subsequent to the sustaining of the demurrer to his first amended answer and cross-petition is equivalent to an abandonment of his intention to stand upon the pleading stricken, and waiver of the right to complain of the error committed, in a direct appeal.

Terrell did not have on file at the trial, a pleading raising any issue with the petition of the plaintiffs. In fact, a judgment had been rendered against him. Yet he was permitted to participate in the trial as though he was a party in interest in triable issues. Those who had opposing interests had demurred him out of court. While the interveners had somewhat conflicting in-

terests, they had reconciled these by adopting his pleading as theirs. He had no opponent at the trial, if he stood upon his previous record. He did not so stand, and it is by this subsequent conduct we must judge his complaints.

If the trial court had rendered judgment for him at the conclusion of the trial, it is inconceivable that he would have appealed. It is not only conceivable, but certain, that if the plaintiffs and defendants opposed to him had appealed, he would have defended the correctness and validity of the judgment in his favor. Since he participated without objection, the mouths of his opponents would be closed on appeal. If it should be said by them on appeal that Terrell had no pleading, it could be said that pleadings conforming to his evidence would be presumed. In other words, we would raise every reasonable presumption necessary to sustain the judgment.

Therefore, Terrell was guilty of conduct unbecoming a litigant. He had a record sustaining a demurrer to his pleading, and rendering judgment against him on his election. Before the time had expired within which he must appeal, he appeared and tried the action, and attempted to prevail upon the trial court to render judgment in his favor. We hold this has the same effect as pleading over, and waived the right of a direct appeal from the order sustaining the demurrer.

He cannot complain to us of the errors set out in the motion for new trial, since it was not acted upon by the trial court.

OSBORN, C. J., and RILEY, PHELPS, CORN, GIBSON and HURST JJ. concur. WELCH and DAVISON JJ., absent.