## OKLAHOMA CITY-ADA-ATOKA RY. CO. v. PARKS, Adm'r.

No. 27868.   April 12, 1938.

Rehearing Denied May 3, 1938.

O., E. Swan, for plaintiff in error.

Pryor & Sandlin and C. E. Wilson, for defendant in error.

HURST, J. This is an appeal from an order overruling a motion for judgment on the pleadings. No further action was taken by defendant and no final judgment was rendered in the case. Defendant cites the case of Board of County Commissioners v. Robertson (1913) 35 Okla. 616. 130 P. 947. to establish this court's jurisdiction to review the foregoing order of the trial court. Plaintiff does not controvert this point, but. notwithstanding this fact, this court of its own motion must determine its jurisdiction. Kenney v. Newmeyer (1935) 171 Okla. 1. 41 P.2d 869; Hamilton v. Browder (1936) 176 Okla. 229, 54 P.2d 1025; Biser v. Biser

(1936) 176 Okla. 210, 55 P.2d 446; .In re Leaf's Deed (1937) 180 Okla. 444, 70 P.2d 75.

The case of Board of County Commissioners v. Robertson, supra, held that "a motion for judgment on the pleadings is in effect a general demurrer, and under section 6067, Comp. Laws 1909 (sec. 528, O. S. 1931), an order denying the same is appealable to the Supreme Court although no judgment on the issues is rendered thereon."

We have found no other decision of this court, before or after the Robertson Case, dealing with an appeal from an order overruling a motion for judgment on the pleadings, but we have examined the cases involving the right to appeal from an order overruling a demurrer to a petition (to which the motion for judgment on the pleadings was compared in the. Robertson Case, supra) and find that the cases hold that no appeal lies to this court from such an order, but the same may be reviewed when properly presented in an appeal from a final order or judgment in the cause. Hopper v. Steward (1929) 137 Okla. 228, 279 P. 354, and cases there cited; McGrath v. Rorem (1926) 123 Okla. 163, 252 P. 418; Stebbins v. Edwards (1924) 107 Okla. 139, 231 P. 507; Freeman v. Gibson (1925) 107 Okla. 220, 232 P. 806. See, also, 3 C. J. 481; 2 R. C. L. 43; 2 Am. Jur. 892.

It is to be noted that the court in the Robertson Case, supra, cited as authority for the holding therein the case of Ashley Silk Co. v. Oklahoma Fire Ins. Co. (1912) 33 Okla. 348, 125 P. 449. which case held that an order **sustaining** a demurrer was appealable prior to entry of final judgment. From an examination of the cases above cited, it can be seen that a different rule has been enunciated and followed where an appeal is taken from an order overruling a demurrer prior to entry of a final order or judgment in the cause. Such an order is interlocutory and leaves the case pending to be tried on the merits, and does not come within one of the special orders from which an appeal is authorized by statute prior to the entry of final judgment in the cause, as in receivership orders (section 780, O. S. 1931, as amended by Laws 1935, c. 3, sec. 1) and orders in cases involving attachments and temporary injunctions (section 555, O. S. 1931). See Smith v. Fourth National Bank (1937) 181 Okla. 280, 73 P.2d 414. Only those orders referred to in section 528, O. S. 1931. that are final are appealable. Those that are not final are not appealable, but may be reversed, vacated, or modified when properly presented on appeal from a final order or judgment in the cause.

We therefore hold that no appeal lies to this court from an order overruling a motion for judgment on the pleadings. 3 C. J. 487; 2 Am. Jur. 897. The case of Board of Commissioners of Lincoln County v. Robertson, supra, in so far as it holds to the contrary, is hereby overruled.

Appeal dismissed.

BAYLESS, V. C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, C. J., and WELCH and DAVISON, JJ., absent.