STATE INS. FUND v. TRIESCHMANN.

No. 34818.   May 27, 1952.

*244 P. 2d 1128.*

Mont R. Powell, Anthony R. Kane, and Sam Hill, Oklahoma City, for plaintiff in error.

Hal Welch, and James Bounds, Hugo, for defendant in error.

GIBSON, J. The parties appear in the reversed order from the positions occupied in the trial court, but for convenience we shall hereafter refer to them as they appeared in that court.

Plaintiff, Martha S. Trieschmann, as executrix of the estate of J. Werner Trieschmann, Jr., deceased, filed her petition in the district court of Choctaw county wherein she alleged: her appointment and qualification as executrix; the death of J. W. Trieschmann on April 7, 1947; the issuance for a consideration by the State Insurance Fund of its policy No. 8376, to a copartnership composed of J. Werner Trieschmann, Sr., and J. Werner Trieschmann, Jr., father and son, doing business under the firm name of Choctaw Lime Company, wherein the Fund bound itself to pay a sum not to exceed $10,000 for the death of persons employed by said Company in the operation of its quarry work. That the premium charged on said policy specifically included J. W. Trieschmann, Jr., as an employee engaged in the hazardous work of setting off explosives for blasting incident to the business of the partnership; that by the terms of the policy the Workmen's Compensation Laws of Oklahoma were made applicable for any personal injuries or death; that deceased was instantly killed by a premature explosion and the accident was such as would be covered by the Workmen's Compensation Law of Oklahoma, and that the policy issued specifically provided that such Workmen's Compensation Law would be applicable in case of death; that deceased left surviving him the plaintiff, his widow, and three children, naming them; that his life expectancy was 31.07 years, and he would have provided for his survivors at an earning capacity of $6,000 per year.

To the petition as amended by attachment of a copy of the policy, the defendant filed a demurrer on the sole ground that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

After argument on the demurrer, on April 3, 1950, the trial court entered an order in part as follows:

"After hearing the argument of counsel and due consideration of the allegations contained in plaintiff's petition, the Court is of the opinion and doth find that the demurrer of the defendant should be overruled; whereupon the defendant, by its attorney, refuses to plead further to plaintiff's petition, and in open court elects to stand upon the demurrer to plaintiff's petition, and in open court gives notice of intention

to appeal to the Supreme Court of the State of Oklahoma from the action of this court in overruling said demurrer.

"Now, Therefore, It Is the Order and Judgment of This Court that the demurrer of the defendant to plaintiff's petition be and the same is hereby overruled, to which action of the court the defendant reserves exceptions.

"It Is the Further Order, Judgment and Decree of This Court That the defendant, State Insurance Fund, be and it is hereby adjudged to be in default.

"It Is the Further Order, Judgment and Decree of This Court that the cause be continued to some future date for assignment on the default docket of this court for the assessment of damages and rendition of final judgment."

Thereafter, plaintiff filed her "Motion for Assessment of Damages and Rendition of Judgment." This motion came on for hearing May 1, 1950, and plaintiff expressed a desire to offer evidence to show the extent of damages sustained by the surviving widow and her children.

The defendant was represented in court by one of its attorneys.

The testimony of one witness was offered. During the testimony of the witness counsel for the defendant, State Insurance Fund, interposed an objection to three questions and made an admission of the life expectancy of deceased. He also cross-examined the witness. At the conclusion of the testimony counsel for defendant interposed a demurrer to plaintiff's testimony, was overruled and saved an exception. Plaintiff requested the court to make a finding that damages had been sustained in excess of the sum of $10,000. Again counsel for defendant objected and the objection was sustained.

Counsel for defendant then requested the court to make a finding of law as to whether or not he was permitting plaintiff to recover under Sec. 1-a or Sec. 1-b of the policy, which request was denied and exceptions saved. Thereupon counsel for defendant gave

notice of appeal to the Supreme Court and was allowed an extension of time to prepare and serve a case-made.

The court rendered its judgment for $10,000 with interest at 6% from February 8, 1948, and costs.

No motion for new trial was filed by defendant.

After the State Insurance Fund had filed its petition in error and its brief with this court, the plaintiff below, as defendant in error here, filed a motion to dismiss the appeal on the following grounds:

"No issue which is reviewable by this court is presented by the Petition in Error and case-made.

"This appeal is by Petition in Error (with Case-Made attached) from a Judgment entered in the District Court of Choctaw County, Oklahoma, upon a trial to the court upon the issue of damages for wrongful death, in which trial the plaintiff in error participated, cross-examined witnesses, and demurred to the evidence, and in general took part.

"No motion for new trial was filed in the lower Court and the appeal is therefore frivolous."

The principal question before this court at this time is whether or not this court has jurisdiction to consider defendant's appeal. The case is before us upon the motion to dismiss the appeal.

The question arises only because the defendant failed to file a motion for new trial preserving for consideration of this court all objections to proceedings had and alleged error arising during the proceedings and trial in the lower court, which are now assigned in defendant's petition in error.

Plaintiff's motion to dismiss the appeal must be sustained. Jurisdiction of this court to hear and determine the appeal has not been properly invoked.

Defendant's chief contention in the case and the one that is desired to have

reviewed by this court is that the plaintiff's petition did not state a cause of action and that the trial court erred in overruling defendant's demurrer thereto. An order overruling a demurrer to a petition permits defendant to save his exceptions and to plead further and to preserve the alleged error by assigning it in a motion for new trial following the rendition of a judgment upon the merits of the case. An order overruling a demurrer to a petition is not a final order and is not appealable.

However, this court has held, on several occasions, that where a party has filed a demurrer to a petition and the same was overruled, and the aggrieved party elected to stand on his demurrer and judgment was rendered against him, such judgment was a final order and the aggrieved party could appeal without filing a motion for new trial. Farris v. Henderson, 1 Okla. 384, 33 P. 380; Okmulgee Producing & Refining Co. v. Davis, etc., 99 Okla. 4, 225 P. 550; also Board of County Commissioners of Lincoln County v. Robertson, 35 Okla. 616, 130 P. 947, wherein a motion for judgment on the pleadings was held to be a demurrer in effect. It was further held that an order denying the same was appealable although no judgment on the issues was rendered.

But the rule of the last mentioned case was specifically overruled in Oklahoma City-Ada-Atoka Ry. Co. v. Parks, Adm'r, 182 Okla. 598, 78 P. 2d 791, and the approved rule announced as follows:

"An order overruling a motion for judgment on the pleadings is not an appealable order, and where an appeal is taken from such an order prior to the entry of a final judgment or order in the cause, such appeal presents nothing properly reviewable by this court."

In the Parks case this court pointed out a distinction as to their finality, which exists between orders *overruling* a demurrer and those *sustaining* a demurrer to a petition. Where a demurrer to a petition is sustained and plaintiff has nothing further to plead and elects to stand on his petition and his action is dismissed, the plaintiff has no further relief except such as may be granted by an appellate court. The order sustaining the demurrer and dismissing the action is a final order and is appealable. Southwestern Natural Gas Co. v. Vernor, etc., 178 Okla. 344, 62 P. 2d 1262. But where a demurrer to a petition is *overruled* there is much that remains to be done and that can be done. The defendant after saving his exceptions can plead or answer or join issue and a trial can be had on the merits and defendant after an adverse *judgment can still preserve his* contentions as to error in overruling his demurrer by filing a motion for new trial reciting such error. He can then appeal and properly invoke the jurisdiction of this court by appealing from the order overruling his motion for new trial.

This is the usual manner in which error alleged in overruling a demurrer to a petition comes to this court. It is error occurring during the course of the trial proceedings and is set forth in a motion for new trial. We have consistently sustained motions to dismiss the appeal where such appeal is attempted prior to the rendition of a final order or judgment.

We find the rule announced in Stebbins v. Edwards, 107 Okla. 139, 231 P. 507:

"A defendant who seeks to have reviewed in this court an order of court overruling his demurrer to plaintiff's petition, may either elect to stand upon his demurrer, so that final judgment in the cause may be rendered, in which case he may appeal at once to this court, or he may elect to plead further, reserving his exception to the court's ruling thereon, and incorporating his exceptions in the record of the whole case when brought to this court after final judgment.

"Where, upon an order overruling defendant's demurrer to plaintiff's petition, defendant appeals to this court without electing to stand upon his de-

murrer, and without any final judgment in the cause, such appeal presents nothing properly reviewable by this court."

In the Stebbins case the defendant did not elect to stand on his demurrer and no final judgment was entered and the appeal was dismissed.

The same rule was followed in Hopper v. Steward, 137 Okla. 228, 279 P. 354, under a similar record, and the appeal was dismissed; and in Exchange Oil Co. v. Crews, 90 Okla. 245, 216 P. 674, where defendants, following the overruling of their demurrers, protested the action of the trial court in requiring them to elect whether they would stand on their demurrers, they requested and were granted an extension of time to plead and then immediately filed their appeals from the orders overruling the demurrers. The appeal was dismissed.

The opinion in that case cites with approval Hale v. Broe, 18 Okla. 147, 90 P. 5, wherein this court said:

"We think, however, that no case can be found where a party will be allowed an appeal from a decision overruling a demurrer to a petition before final judgment is rendered, where the party has pleaded over, or otherwise proceeded with the case."

Other cases denying the appeal where same was attempted prior to the rendition of a judgment are Freeman v. Gibson, 107 Okla. 220, 232 P. 806, and Sokolosky v. Black, Sivalls & Bryson, Inc., 197 Okla. 68, 168 P. 2d 618.

However, in the case at bar defendant did present a demurrer to the petition and did save exceptions and elect to stand on the demurrer and gave notice of an intention to appeal. A continuance was had and later a trial was held and judgment was entered. But no motion for new trial was filed and defendant lodged this appeal.

In its petition in error the defendant complains that plaintiff "recovered a judgment" and avers that there is er-

ror in the said record and proceedings, in this, to wit: said court erred in overruling the demurrer to the petition. Additional errors are cited including error in admitting evidence on the part of the defendant in error; error in refusing to make a requested finding of law, and that the judgment is contrary to the evidence and contrary to law and the court erred in rendering judgment for plaintiff. All of these alleged errors are errors occurring during the course of the proceedings and could have been and should have been preserved by the filing of a motion for new trial.

This court will not review an alleged error of the trial court unless error complained of has been set up and presented in motion for a new trial as well as assigned for review by the petition in error. City of Altus v. Tinsley, 185 Okla. 602, 95 P. 2d 635; House v. Mullendore, 166 Okla. 36, 26 P. 2d 749; Eggleston v. Williams, 30 Okla. 129, 120 P. 944.

Without stressing its assignments of error other than the order overruling the demurrer to the petition, the defendant now says that it had a right to appeal from the order overruling the demurrer without filing a motion for new trial and cites: Farris v. Henderson, 1 Okla. 384, 33 P. 380, and Culp v. State, 109 Okla. 6, 234 P. 730.

In the Farris case, when defendant refused to plead further, a default judgment was immediately rendered against him and it was held that, although no motion for new trial was filed, the appeal was from the judgment upon questions of law. No further proceedings were had in the trial of the case. In so far as the law question as to whether or not the petition stated a cause of action was concerned, the judgment was treated as a final order and judgment, and the motion to dismiss the appeal was denied. In the Culp case, however, a different situation arose. There the demurrer to the petition was overruled and defendant excepted but he refused to elect to stand on the

demurrer. No further judgment was rendered. The appeal was dismissed. This court pointed out that defendant should elect to stand on the demurrer and let judgment be rendered against him when appeal could then be taken to this court, or, if he should plead, exceptions could be taken to the action of the court overruling his demurrer and the question properly presented upon the whole case.

The difficulty which now confronts the State Fund is that it did not continue to stand on its election. Following the order made on the demurrer and the election a trial was had and defendant actively participated in the trial. In so doing defendant abandoned its election to stand on its demurrer.

It cannot be said that defendant did not participate in the trial, when defendant's counsel objected to questions propounded and saved exceptions to the court's rulings; cross-examined the witness; demurred to the evidence of plaintiff; objected to special findings requested by plaintiff; requested special findings for defendant and made admissions into the record.

At an early date this court held that where defendant's demurrer to the petition of plaintiff was overruled and defendant thereafter actively participated in the later proceedings, he waived his right to appeal from such decision, where the appeal was taken prior to a final judgment. Hale v. Broe, supra.

In support of her motion to dismiss this appeal plaintiff cites Terrell v. Phipps, 181 Okla. 409, 73 P. 2d 1150, wherein this court held:

"Where the trial court sustains a demurrer to the amended answer and cross-petition of one of the defendants, and said defendant elects to stand upon said pleading and declines to plead further, and permits judgment to be rendered against him, he may appeal to this court from the action of the trial court; but, if he thereafter appears at the trial of the action and actively participates with his codefendants and the interveners in the trial of the action, and introduces evidence on his own behalf, and when judgment is rendered against him files a motion for a new trial, held, that said defendant has waived the right to appeal directly to this court from the action of the trial court in sustaining the demurrer to his answer and cross-petition."

In the case at bar defendant offered no evidence at the trial and filed no motion for a new trial, but these become distinctions without a difference when we know that defendant here did demur to the evidence of plaintiff. In Terrell v. Phipps, supra, while defendant filed a motion for new trial, the appeal was lodged before any action was taken on the motion and the case therefore was one where defendant attempted to appeal from the judgment just as in the case at bar.

In the Terrell case we held the conduct of defendant in participating in the trial subsequent to the action taken on the demurrer was equivalent to an abandonment of his intention to stand upon his election and a waiver of his right to complain of the error in a direct appeal.

In so far as his abandonment of his election to stand is concerned, the case of Terrell v. Phipps is controlling here.

Defendant made its record on its demurrer and the assigned error could have been set out in a motion for a new trial and the question could have been properly presented to this court in an appeal on the entire record. But defendant has lost this right by its failure to file and present a motion for new trial. Having abandoned its election to stand on the demurrer and having waived its right to assign the error in a direct appeal, such error became merely error arising during the course of the trial, and this court cannot review the rulings of the trial court in the absence of presentation of the same to the trial court by a motion for a new trial and a proper record made thereon.

Aside from Board of County Commissioners, etc., v. Robertson, supra, the holding of which has been overruled, we know of no case decided by this court and our attention has been called to none holding that a direct appeal will lie to this court from an order overruling a demurrer to a petition in the absence of both an election to stand on the demurrer and a final judgment rendered thereon. And we know of no case holding that an appeal will lie from a judgment following a trial wherein defendant participated after electing to stand on his demurrer in the absence of assigning the error complained of in a motion for new trial.

Appeal dismissed.

HALLEY, V.C.J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.