STATE INSURANCE FUND v. TRIESCHMANN.

No. 35696.   May 26, 1953.

*257 P. 2d 823.*

Mont R. Powell and William R. Saied, Oklahoma City, for plaintiff in error.

Hal Welch and James Bounds, Hugo, for defendant in error.

CORN, J. Plaintiff brought suit for the principal sum of $10,000 and in accordance with the statute, 12 O.S. 1951 §264, plaintiff claimed and sought judgment for interest on the principal sum from February 6, 1948, until paid. Upon trial there was judgment for plaintiff for $10,000, with interest thereon from February 6, 1948, and the defendant appealed therefrom. That appeal was dismissed by our opinion in State Insurance Fund v. Trieschmann, 206 Okla. 533, 244 P. 2d 1128. When the mandate reached the trial court, the defendant paid the judgment in the sum of $10,000, but declined to pay the interest and presented a motion to strike from the judgment the item of interest, or to correct the judgment to that extent. This appeal is presented from the order denying such motion.

Defendant, on appeal, makes but one contention only, and that is that the judgment was void as to the item of interest.

Defendant cites no authority to the effect that the judgment is void because it included the item of interest as sued for. Defendant does cite decisions in which, upon a proper attack, claims for interest under various circumstances were allowed, or it was held that the party claiming the same was not entitled to recover judgment for interest, or cases in which a judgment for the recovery of interest was held to be erroneous. Those decisions are not in point here. This judgment is not here attacked as being erroneous as to any part or as to all the interest for which judgment was rendered. This judgment is attacked as being void.

Since an issue was here tendered upon plaintiff's specific claim and suit for interest, surely the trial court had authority and jurisdiction to determine that issue, and surely if that determination was erroneous in whole, or in any part, that would not render the judgment void. No authority to the contrary is cited.

Defendant contends, in effect, that interest on the principal sum should not run thereon from February 6, 1948, but instead should begin to run on and from a subsequent date, thus reducing the amount of interest defendant should pay up to the final payment date. That is equivalent to a contention that the trial court erred in its determination, on plaintiff's specific claim and petition, in fixing the date as stated.

But if a part of the interest defendant must pay could be said to be based upon an erroneous judgment that would not render the judgment void. Any such error, if any error existed, could be questioned on a proper appeal, but after an attempted appeal had been dismissed, and after the judgment became final, it could not be successfully attacked as being void on account of any such error.

In the concluding language of sec. 592, 50 C.J.S., p. 11, where the statement and grounds of the doctrine of res judicata are set forth, we find the following:

"* * * The doctrine applies and treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination, The sum and substance of the whole doctrine is that a matter once judically decided is finally decided."

In the case of Ickes, Secretary of Interior, v. Ledbetter, 135 F. 2d 658, involving a judgment of a state court of Oklahoma, it was said:

"Where, on January 16, 1928, State Court in Oklahoma rendered judgment for money with interest against Indian and for 40 per cent of all royalties accruing in future, and on September 19, 1938, Federal District Court in Oklahoma ordered Secretary of Interior to pay judgment with interest and 40 per cent of accrued royalties, amounting to $1,849.84, the principle of 'res judicata' precluded reliance of Federal statute adopted in January, 1933, restricting all funds in hands of Secretary belonging to Indian heirs, for purpose of

avoiding payment of the principal sum of Federal District Court judgment with interest and the adjudicated amount of accrued royalty."

Therefore, we conclude that after this judgment became final, and long after the time allowed for any motion to modify it, the trial court did not err in denying defendant's motion which was presented by defendant on the theory that the judgment was in part void.

Affirmed.

JOHNSON, V.C.J., and WELCH, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.