**MERCHANTS DELIVERY SERVICE, a corporation, and Louise Schwab, Incompetent, who sues by and through her legally appointed guardian, Chris Schwab, Jr., Appellees,**

v.

**JOE ESCO TIRE CO., a corporation, and J. B. Mason, Appellants.**

**No. 44399.**

Supreme Court of Oklahoma.

May 23, 1972.

Melvin F. Pierce, Oklahoma City, for appellees.

Patricia Sellers, Sapulpa, and Rinehart, Cooper & Stewart, Oklahoma City, for appellants.

DAVISON, Vice Chief Justice.

This is an appeal from an order of the District Court of Oklahoma County, Oklahoma, sustaining the general demurrer of each of the defendants to the petition of plaintiffs.

We have decided for the reasons hereinafter set forth to dismiss the appeal because the order appealed from is not a final order. 12 O.S.1961, §§ 952 and 953, (Supp.1969) and Rules of Appellate Procedure in Civil Cases (effective January 1, 1970), Rule 1.10.

Accordingly it is not necessary to delineate the allegations of the petition except to state that the petition alleges damage to plaintiffs' real and personal property under circumstances that plaintiffs claim liability is imputed to defendants.

The court order sustaining the demurrer recites in relevant parts: (1) "This court finds * * * the demurrer for each defendant should be sustained;" (2) "It is therefore ordered, adjudged and decreed by the court that the demurrers on behalf of J. B. Mason and Joe Esco Tire Co., a

corporation, be and the same are hereby sustained;" (3) "It is further ordered, adjudged and decreed by the court that the plaintiffs have and they are hereby granted an exception to the court's ruling."

The court's order does not recite that plaintiffs elected to stand on their petition and that plaintiffs' action is dismissed or that judgment is rendered for defendants. In the language of § 953 the court order does not determine the action and prevent a judgment. For aught that appears the plaintiffs, after the court's order, were still free to move for authority to amend their petition.

In LaVelle v. Fair Oil Company, Okl., 388 P.2d 13, the petition alleged five causes of action. The trial court sustained defendant's demurrer to the fifth cause of action and did not render a judgment. On an appeal of the whole case the question, among other questions, was presented whether plaintiff's appeal was timely filed insofar as it embraced the trial court's order sustaining a general demurrer to plaintiff's fifth cause of action. This depended upon whether the trial court's order, as to the fifth cause of action, was a final order. In holding it was not a final order we said: "We can only conclude that where a plaintiff alleges more than one cause of action against a defendant and the trial court sustains a demurrer to one of the causes of action *and does not render a judgment thereon,* and there remains pending other issues to be determined, the trial court's order sustaining a demurrer to the one cause of action is not a final and appealable order as that term is employed in our statutory provisions relating to the time within which appeals from final orders must be perfected." (Emphasis supplied).

In State Ins. Fund v. Trieschmann, 206 Okl. 533, 244 P.2d 1128, 1131, we said: "Where a demurrer to a petition is sustained and plaintiff has nothing further to plead and elects to stand on his petition and his action is dismissed, the plaintiff has no further relief except such as may

be granted by an appellate court. The order sustaining the demurrer and dismissing the action is a final order and is appealable." See also Potter v. Hall, 11 Okl. 173, 65 P. 841, and Southwestern Natural Co. v. Vernor, 178 Okl. 344, 62 P.2d 1262, 1264–1265; Wilson v. Walker, 190 Okl. 229, 122 P.2d 160.

 We deal here with the Supreme Court's jurisdiction over the subject matter. It cannot be conferred by consent. City of Clinton ex rel. Richardson v. Cornell, 191 Okl. 600, 132 P.2d 340, 343.

To entertain jurisdiction here would permit one in the procedural posture of plaintiff to decide for himself and for the trial court whether an antecedent order sustaining a general demurrer to a petition is final or whether the petition remains subject to amendment. Such a result would render the Supreme Court's appellate jurisdiction over final orders rather cloudy.

Appeal dismissed.

BERRY, C. J., and WILLIAMS, IRWIN, HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.